THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAMES
McKAY, Appellant.

First Department, May 5, 1964.

*Stephen Lee Crystal* for appellant.

*Eric A. Seiff* of counsel (*H. Richard Uviller* with him on the
brief; *Frank S. Hogan, District Attorney*), for respondent.

STEVENS, J.   Defendant, a person of low mentality (if not a
mental defective), was convicted after nonjury trial of the
crime of an attempt to commit the crime of robbery in the
second degree (Penal Law, §§ 2, 2126), and sentenced as a fourth
felony offender to a term of 15 years to life (Penal Law, § 1942).
The evidence sustained the conviction.   All of the defendant's
felony convictions are of the same pattern and apparently com-
mitted in much the same manner.   While there may be some
question of his mental ability to cope with the everyday prob-
lems of life, there is no doubt that defendant is not insane within
the meaning of the law.   Apparently he is mentally defective
for in 1947 he was found to have an I.Q. of 56.   There is grave
doubt that the crimes, as committed, warrant a life sentence.
However, the trial court had no alternative but to impose such
sentence in light of the mandatory provisions of the law (Penal
Law, §§ 1942, 1943).   The amendments to the statute in 1926

(L. 1926, ch. 457), while designed to cure a festering sore and remedy a grievous situation, inevitably operate upon occasion to negate sound principles of penology in all of its aspects. Ideally, a sentencing Judge, in determining the punishment to be imposed, strives to balance the interests of society, the demands of the law, and the rights of the defendant as a human being, though an erring one subject to penalty. Undoubtedly there are instances when some fourth felony offenders merit the imposition of a life sentence. If the law were permissive rather than mandatory such a result could still be achieved.

We are not unmindful that sections 1942 and 1943, as enacted, are well within the scope of legislative power and have been so upheld (*People* v. *Gowasky,* 217 App. Div. 19, affd. 244 N. Y. 451). As the law progresses and the science of penology develops along with a developing social conscience, it becomes manifest that greater trust, discretion and responsibility should be reposed in our District Attorneys and Judges. Pleas and dispositions cannot be effected without a concurrence of views between court, prosecutor and defense counsel. The mandatory aspects of the Penal Law frequently place Judge and prosecutor in a strait jacket. The only alternative, undesirable to both, is to minimize the nature of the deed by reducing the classification of the crime from felony to misdemeanor.

In theory, if not always in practice, punishment is designed to rehabilitate as well as to deter. A ladder of punishment, the numerical rung and label of which determines the measure of discipline imposed, disregards rehabilitation and, as statistics show, is of doubtful value in a deterrent aspect. If the punishment, under the mandatory aspect of the multiple offender law, fits the crime, it is by chance and grace, rather than design. The nature and quality of the act, its relation to the interests of society, whether therapy by removal from society and during confinement will aid the individual and, in the long run be of social benefit, become of minimal importance when there is an automatic increase in severity of sentence conditioned upon the numerical order of the offense. Severity alone can hardly be equated with justice.

In our view the case before us illustrates not only the inflexibility of the law, but an occasion when the mandatory sentence operates in a somewhat brutal manner. Punishment for the defendant is indicated and warranted, but a life sentence to State prison imposed upon this defendant strikes this court as undeserved. Perhaps at some proper future time executive clemency might be extended.

The judgment appealed from should be affirmed.

BREITEL, J. P., VALENTE and EAGER, JJ., concur; McNALLY, J., concurs in result.

Judgment of conviction unanimously affirmed.