■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE G. SMITH, Appellant.— Appeal by defendant "from so much of a judgment" of the County Court, Nassau County, rendered May 4, 1965 on his plea of guilty, convicting him, *inter alia,* of a violation of section 1751-a of the Penal Law (violation as a misdemeanor with respect to narcotic drugs), as sentenced him to a term of one year in the Nassau County jail upon the ground that it was excessive. Judgment affirmed. The appellant and a codefendant were indicted by a 71-count indictment which charged them with feloniously selling a narcotic drug (counts 1–14); selling a narcotic drug in violation of section 1751-a of the Penal Law (counts 15–28); selling a drug in violation of section 6804 (subd. 3, par. m) of the Education Law (counts 29–49); selling a drug in violation of section 6804 (subd. 3, par. k) of the Education Law (counts 50–70); and failure to keep records in violation of section 1751-a of the Penal Law (count 71). Count 13 accused the defendants of feloniously selling a narcotic drug in that they peddled and sold "a quantity of a narcotic drug, to wit, a quantity of Robitussin AC with Codeine in quantities of more than four fluid ounces to one person at one time, contrary to the Public Health Law". During trial, appellant pled guilty to the attempted felonious selling of a narcotic drug under count 13, in satisfaction of the indictment. The codefendant made a similar plea to count 12, which was similar to count 13. At sentencing both defendants amended their guilty pleas to include pleas of guilty to the

71st count, which charged them with the misdemeanor of violation of section 1751-a of the Penal Law in that they, "between, on or about the 1st day of April, 1964 and on or about the 11th day of June, 1964, failed to keep records of all narcotic drugs received and disposed of by them, to wit, medicinal preparations containing Codeine were sold and all sales were not recorded as required by the Public Health Law, Section 3333, subdivision 3". The court sentenced the appellant on the felony count, count 13, to a term of 2½ to 5 years and suspended the execution of the sentence. On the misdemeanor count, count 71, the court sentenced the appellant to a term of one year in the Nassau County jail. The codefendant received similar sentences on counts 12 and 71. The appeal by the appellant is from so much of the judgment convicting him of count 71 as sentenced him to a term of one year in the Nassau County jail. He contends that said sentence is excessive. The appeal is based on his contentions that: (1) the sentence on the misdemeanor count was imposed on the assumption, without any warrant in the record, that he had committed other violations of law not covered by the counts to which he had pleaded guilty; (2) as a matter of discretion, the sentence was excessive. When due consideration is given to the nature of the crimes involved, the necessity for protecting society and attempting to prevent future offenses of the same kind (cf. 15 Am. Jur., Criminal Law, § 506), the legislative policy of imposing sentences in narcotic cases that are so severe that they will act as deterrents (cf. Annual Message of the Governor, Public Papers of Thomas E. Dewey, 1952, pp. 12–13; Selected Writings of Benjamin Nathan Cardozo, Fallon Publications, 1947, Address before the New York Academy of Medicine, November 1, 1928, p. 379; cf. *People* v. *Corapi,* 42 Misc 2d 247, 250), and the contents of the probation report (cf. *Williams* v. *New York,* 337 U. S. 241; *People* v. *Leipzig,* 23 A D 2d 854; *People* v. *Dusablon,* 16 N Y 2d 9, 17), it may not be held that the sentence was excessive. *People* v. *Ayiotis* (23 A D 2d 760) is readily distinguishable. Insofar as it may be read as prohibiting a sentencing Judge from taking into consideration facts directly related to the crimes with which the defendant was charged and to the crimes of which he was convicted, as revealed in the probation report, merely because the defendant, in pleading guilty to some counts of the indictment did not plead guilty to other counts, it is overruled (cf. *Williams* v. *New York, supra; People* v. *Leipzig, supra; People* v. *Dusablon, supra*). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.