■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ELLIBY, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County, rendered April 3, 1980, convicting him of attempted assault in the first degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. Defendant was charged by felony complaint with the crime of arson in the second degree. Defense counsel and the District Attorney negotiated a plea bargain pursuant to which defendant would plead guilty to a class A misdemeanor in full satisfaction of the charge. Defense counsel so notified defendant, who had been released on his own recognizance, by a letter sent to his last known address. However, defendant had since moved, leaving no forwarding address, and hence, never received the letter. His counsel never received the letter by return mail, and so was unaware of the failure of communication. Subsequently, since four months had passed and there was as yet no disposition of this case, the District Attorney obtained an indictment charging defendant with arson in the second degree, a class B violent felony offense (Penal Law, § 70.02, subd 1, par [a]). Pursuant to former CPL 220.10 (subd 5, par [e]), the District Attorney was no longer able to accept a plea to a misdemeanor, and when the defendant appeared before the court to enter a plea, he pleaded guilty to the class D violent felony offense of attempted assault in the first degree (Penal Law, § 70.02, subd 1, par [c]). Defendant now claims that he had a vested right in the misdemeanor plea bargain which had been originally negotiated on his behalf, and that his due process rights were violated by his failure to be given notice thereof. We express no opinion as to whether a negotiated plea bargain, before it is communicated to a defendant, creates any constitutionally cognizable rights on his behalf, but we hold that any right which he may have had was forfeited by his placing himself beyond his attorney's reasonable efforts to contact him. "Since, in effect, permission to enter a lesser plea is a matter of grace, reasonable conditions may be attached thereto" (People v Esajerre, 35 NY2d 463, 467). We hold that it is reasonable to require a defendant who has been released on his own recognizance to inform his attorney or the court as to a change in his whereabouts (cf. People v Aiken, 45 NY2d 394). Defendant challenges the constitutionality of former CPL 220.10 (subd 5, par [e]), in that it required a defendant charged by indictment with a class B or class C violent felony offense, and who wished to plead guilty, to plead guilty to at least a violent felony offense, while no such restrictions were placed on an individual charged with the same offense by felony complaint. As neither a fundamental right nor a suspect classification is involved here, we need find only a rational basis for this differing treatment in order to uphold the constitutionality of the stat-

ute, and we hold that such a rational basis does exist (see *People v Drayton,* 39 NY2d 580). Mangano, J.P., Cohalan, O'Connor and Weinstein, JJ., concur.