(March 16, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID FELIX, Appellant. — Judgment, Supreme Court, New York County (Fitzer, J.), rendered on August 28, 1980, affirmed. Present — Murphy, P J., Birns, Sullivan, Lupiano and Bloom, JJ. Birns, J., concurs in a memorandum in which Bloom, J., concurs; Lupiano, J., concurs in a separate memorandum, and Murphy, P. J., and Sullivan, J., dissent in a memorandum by Sullivan, J., all as follows.

Birns, J. (concurring). Defendant was indicted for, *inter alia,* robbery in the second degree as an armed and violent class C felony (CPL 1.20, subd 41; Penal Law, § 70.02, subd 1; § 160.10). The court accepted defendant's plea to the instant class D violent felony offense on the understanding that a term of one

to three years would be imposed, the shortest indeterminate term of imprisonment permissible under section 70.02 (subd 5, par [a]) of the Penal Law and further that an application for a lesser sentence on the basis of mitigating circumstances pursuant to section 70.02 (subd 5, par [b]) of the Penal Law would be carefully considered. At a later date, the court found insufficient mitigating circumstances to warrant a term less than the minimum one to three years otherwise required by subdivision 5 of section 70.02 of the Penal Law. Thereafter, defendant challenged the constitutionality of that section on the ground that it violated due process in excluding him from more lenient treatment on the basis of the crime for which he was indicted (see *People v Drummond,* 40 NY2d 990). The court rejected this challenge, finding the statute did not automatically exclude defendant's eligibility for a lesser sentence on the basis of the crime charged in the indictment but only established guidelines and conditions bearing upon the court's discretionary power to grant an alternative, lesser sentence. Indeed, the court found that the three exceptions set forth in section 70.02 (subd 5, par [b]) of the Penal Law "allowed the Court much of its usual sentencing discretion regardless of the top count of the Indictment." At the sentencing hearing, the court again denied defendant's application for a lesser sentence based on mitigating circumstances and the term of one to three years was imposed. On this appeal, defendant again challenges the constitutionality of subdivision 5 of section 70.02 of the Penal Law. We do not believe it necessary to address the constitutional issues in order to determine this appeal. Were the defendant correct in arguing that the statute is unconstitutional (but see *People v Caver,* 74 AD2d 852; *People v Elliby,* 80 AD2d 875), he would at best be entitled to the exercise of discretion in sentencing, unfettered by the guidelines and conditions set forth in the statute. Any failure of the sentencing court to exercise the full scope of discretion or to take into consideration all relevant factors can be remedied by the exercise of unfettered discretion by this court (*People v Dolkart,* 60 AD2d 238, 240). Nor does the difference between the indeterminate one- to three-year term imposed under the challenged statute and the shortest indeterminate term of imprisonment which could have been imposed in the absence of this statute give vitality to defendant's constitutional argument. In either case, the shortest minimum and maximum periods of imprisonment are fixed by reference to the same statute, section 70.00 of the Penal Law; the shortest minimum at one year by subdivision 3 thereof and the shortest maximum at three years by subdivision 2 thereof. Upon review of this record, even were we to exercise our unfettered discretion in sentencing, we can only conclude that the imposition of a three-year indeterminate term of imprisonment was appropriate. Thus, we need take no corrective action.

Lupiano, J. (concurring). Defendant pleaded guilty to attempted robbery in the second degree, a class D violent felony offense, under the first count of the indictment charging robbery in the first degree (uses or threatens the immediate use of a dangerous instrument, to wit, a knife), a class B felony. The second count of the indictment charged defendant with robbery in the second degree (displaying what appeared to be a pistol), a class C felony which is also defined as an "[a]rmed felony" (see CPL 1.20, subd 41). Pursuant to subdivision 5 of section 70.02 of the Penal Law, the Legislature has provided that where a defendant, confronted by an indictment charging an "armed felony," specifically pleads guilty to a class D violent felony in satisfaction of the indictment, pursuant to CPL 220.10 or 220.30, the court *must* impose an indeterminate sentence of imprisonment pursuant to section 70.00 of the Penal Law. However, the court is permitted to "impose a sentence other than an indeterminate sentence of imprisonment, or a definite sentence of imprisonment for a period of

no less that one year, if it finds that one or more of the following factors exist: (i) mitigating circumstances that bear directly upon the manner in which the crime was committed; or (ii) where the defendant was not the sole participant in the crime, the defendant's participation was relatively minor although not so minor as to constitute a defense to the prosecution; or (iii) possible deficiencies in proof of the defendant's commission of an armed felony" (Penal Law, § 70.02, subd 5, par [b]). The statute further provides that both "[t]he defendant and the district attorney shall have an opportunity to present relevant information to assist the court in making a determination pursuant to paragraph (b)". (Penal Law, § 70.02, subd 5, par [c].) I join our dissenting brother in the view that the constitutional issue presented on this appeal respecting the above statute cannot be avoided. However, I find the statute to be constitutional. The facts and legal issues bearing on the question of constitutionality are ably set forth in the dissent and are not reiterated herein. Critical to the rationale of the dissent is its observation that "[s]ince subdivision 5 of section 70.02 of the Penal Law precludes the imposition of a more favorable sentence which would otherwise be available, its effect is to impose increased punishment *on the basis of an act charged, but unproven.* In this respect subdivision 5 of section 70.02 is * * * fundamentally unfair and violative of due process" (emphasis supplied). However, the act charged, but unproven, has been rendered so by virtue of the permission granted the defendant to plead guilty to a *lesser* charge and thereby to avoid a trial on the act(s) charged. The dissent's observation would obtain relevance if the defendant had a *right* to plead guilty to a lesser crime. No such right exists. "At the outset it is noted that defendant had no absolute right to have [his] plea of guilt accepted (*Lynch v Overholser,* 369 US 705; *Santobello v New York,* 404 US 257)" (*People v Bartley,* 60 AD2d 283, 285). CPL 220.10 provides, in subdivision 1, that "[t]he defendant may as a matter of right enter a plea of 'not guilty' *to the indictment"* and in subdivision 2, that "the.defendant may as a matter of right enter a plea of 'guilty' *to the entire indictment"* except as provided in subdivision 5 (emphasis supplied). It has aptly been observed that "permission to enter a lesser plea is a matter of grace" and that, accordingly, "reasonable conditions may be attached thereto" (*People v Esajerre,* 35 NY2d 463, 467; see *People v Elliby,* 80 AD2d 875, application for lv to app den 53 NY2d 942). There are two avenues by which a defendant stands convicted of a crime: (1) he may be found guilty by the finder of facts after a jury or nonjury trial upon a plea of not guilty, or (2) he may plead guilty to the crime(s) of which he stands convicted. The defendant exercises *full* control over his destiny in the second course, in that he chooses to plead guilty to the *entire* indictment and has a right to do so. If he chooses to plead guilty, not to the entire indictment, but to a lesser crime or crimes, then the matter is one of grace in which permission must be obtained. Here, before the defendant could enter a plea of guilty to a lesser crime, he had to obtain the permission of the court and the consent of the People (CPL 220.10, subd 4). While the defendant initially has full control, in that he may plead "not guilty" or "guilty" to the entire indictment, once he endeavors to plead guilty to one or more, but not all of the offenses charged or of a lesser included offense with respect to any or all of the offenses charged, or of any combination of offenses charged and lesser offenses included within other offenses charged, his control is less than full, in that he must now obtain the permission of the court and the consent of the People. As this route does not permit of a possible conviction of all the offenses as charged in the indictment, that is, the defendant is not at risk of being convicted of the offenses as charged in the indictment, whether by way of trial and a finding of guilty, or by way of pleading guilty, the legislative branch has determined to circumscribe the privilege thus afforded defendant

in escaping that risk. Hechtman's Practice Commentary to section 70.02 of the Penal Law (McKinney's Cons Laws of NY, Book 39, 1981-1982 Pocket Part, pp 119-120) states, in pertinent part, as follows: "During the past few years there has been a steadily mounting concern among the public and its officials over the *constantly* increasing incidence of violent stranger-to-stranger crime * * * [A] wide-ranging bill was enacted (L.1978, c.481) that attempts to address violent crime committed not only by adults but also by juveniles. Section 70.02 is probably the key section of the entire violent felony offender legislation. Here the 'violent felony offenses' are defined (subdivision 1) and the sentences upon conviction thereof set forth * * * Subdivision 5 introduces a new term, 'armed felony,' which is defined in Criminal Procedure Law § 1.20(41) as any violent felony offense defined in this section (§ 70.02[1]) which includes as an element thereof the possession, being armed with or causing serious physical injury by means of a loaded operable gun or displaying what appears to be a firearm. *The consequence of being charged with an armed felony is that rigid plea bargaining restrictions are imposed* * * * *A charge of armed felony has,* as evidenced by subdivision 5 of this section, further *implications upon the sentence* when a plea of guilty to a class D violent felony is predicated on [i.e., 'in satisfaction of an indictment' containing] an armed felony charge" (emphasis supplied). Defendant in pleading guilty to attempted robbery in the second degree under the first count of the indictment in satisfaction of such indictment which contained an armed felony charge, was fully informed of the sentencing restrictions placed upon the plea bargaining process by the Legislature and freely chose to so plead. It was defendant's choice, his option, to so plead. The dissent perspicaciously notes that "[i]n enacting subdivision 5 of section 70.02 of the Penal Law, the Legislature chose to limit plea bargaining in instances where a defendant is charged with an armed felony by restricting the sentencing options available when such a defendant pleads guilty to a class D violent felony." This is indeed what subdivision 5 does — no more, no less. We are unanimous in the view that the Legislature has the power and could choose to disallow plea bargaining altogether in those instances where the indictment charges an armed felony offense. A plea bargain is, as the term implies, a bargain as to a plea of guilty given by the defendant in consideration of more lenient treatment by the prosecutor and the court. It is the process by which a conviction may be obtained on consent of the defendant. It is not comprised of the conviction itself, which is the goal, but not the predicate for the guilty plea. Indeed, a defendant may plead guilty without admitting the facts of the crime to which he offers to plea (see *North Carolina v Alford,* 400 US 25; *People v Serrano,* 15 NY2d 304; *Matter of Cumberland Pharmacy v Blum,* 69 AD2d 903), he may plead guilty to a "hypothetical crime" based upon no objective facts (see *People v Francis,* 38 NY2d 150; *People v Griffin,* 7 NY2d 511), or to a nonexistent crime (see *People v Foster,* 19 NY2d 150; *People v Francis, supra*). However, a defendant may not enter into a plea bargain designed to vitiate "th[e] legal scheme of punishment" embodied in a statute (*People v Lopez,* 28 NY2d 148, 152). Here the plea bargain was designed not to vitiate, but to honor the legal scheme of punishment delineated in subdivision 5 of section 70.02 of the Penal Law. The dissent opines that this statute with its sentencing restrictions regarding those who plea bargain by pleading guilty to a class D violent felony offense in satisfaction of an indictment charging an armed felony, would pass constitutional muster if the restrictions were based not upon the crime(s) charged, but upon the crime(s) of which defendant stands convicted. This, in my view, is placing the cart before the horse. The plea bargaining process is limned against the crimes of which defendant stands accused, and it is these crimes which impinge upon the bargaining position of

the parties, the defendant on the óne side and the People on the other. It is noted at this point that the Second Department in *People v Caver* (74 AD2d 852, 852-853) declared: "We have reviewed defendant's contention that section 70.02 of the Penal Law violates the Constitutions of New York and the United States in that it imposes cruel and unusual punishment and abrogates the separation of legislative and judicial powers, and find this contention to be without merit (see *People v Broadie,* 37 NY2d 100, cert den 423 US 950; *People v Eason,* 40 NY2d 297)." Subdivision 5 of section 70.02 of the Penal Law has, a rational basis. It specifically relates to an indictment charging the defendant with an armed felony. The only method of prosecuting a criminal offense in a superior court is by indictment returned by the Grand Jury, unless the defendant waives the indictment and consents to be prosecuted on an information filed by the District Attorney whose consent is required to effectuate such waiver (CPL 195.10, 210.05). The evidence before the Grand Jury must be sufficient to "provide * * * reasonable cause to believe that such person committed such offense" before such charge is warranted (CPL 190.65, subd 1, par [b]). If the evidence before the Grand Jury is not legally sufficient, or the Grand Jury is not satisfied that there is reasonable cause to believe that such person committed such crime or other offense, the charge must be dismissed (CPL 190.75). After arraignment upon an indictment, the defendant may move to dismiss the indictment or any count thereof on the ground that the evidence before the Grand Jury was not legally sufficient to establish the offense charged or any lesser included offense (CPL 210.20, subd 1, par [b]; 210.30). Based upon the fact that a neutral body, the Grand Jury, has determined that the evidence before it is sufficient to provide "reasonable cause to believe that such person committed such offense," in this instance, that defendant committed an armed felony, it is not irrational for the Legislature to differentiate in respect of allowable sentencing alternatives between such a defendant and one who has not been indicted for so grave a crime where the privilege of "pleading down" operates. Instead of prohibiting plea bargaining, the Legislature voted to pèrmit a defendant thus charged to "plead down" to a class D violent felony with the prosecutor's consent. However, the Legislature was clearly concerned that even a restriction on the extent to which an accused confronted by an armed felony charge could "plead down" to a lesser crime would not necessarily prevent overly lenient sentences from being given to persons accorded the benefit of such pleas. To avert as far as practicable overly lenient sentences, the Legislature reasonably limited the sentencing options available to the court where a defendant pleads guilty to a class D violent felony after being charged with an armed felony. If it is assumed that the Legislature could not permissibly restrict the range of sentencing alternatives in this situation, then the Legislature might well opt not to allow plea bargains at all respecting defendants charged in an indictment with an armed felony. Such a course would be detrimental, not only to society's interest, but also to the defendant's interest and the interests of other defendants similarly placed. There is no valid reason why the judicial branch of government should confront the legislative body with a "Hobson's choice" of this nature. In *People v Drummond* (40 NY2d 990), the Court of Appeals declared CPL 720.10 (subd 2), insofar as it provided that a person between the ages of 16 and 19 is eligible for youthful offender treatment "unless he * * * is indicted for a class A felony," unconstitutional in that it absolutely conditioned such eligibility on the highest count of the indictment. In so doing, the court relied on the dissenting opinion of Justice Rabin at the Appellate Division who found such classification to serve no legitimate and nonillusory State purpose (51 AD2d 1, 14-16). However, the classification providing that persons between the ages of 16 and 19 are eligible

for youthful offender treatment unless they had previously been convicted of a felony was found to have a reasonable basis. There are two critical distinctions between the instant statute (Penal Law, § 70.02, subd 5) and the statute found unconstitutional in *Drummond,* to wit, (1) the instant statute is concerned solely with plea bargaining, i.e., where a defendant charged with an armed felony "pleads down" to a class D violent felony, and (2) the instant statute contains an escape hatch in paragraphs (b) and (c). Eligibility for sentencing alternatives in the statute under review in *Drummond* depended *solely* on the highest count in the indictment and the defendant had no control, the statute being absolute in its application. It made no difference, therefore, whether the defendant pleaded guilty or was found guilty — if the indictment charged him with a class A felony, he was ineligible for youthful offender treatment. Here, the subject statute is not geared solely to the highest count in the indictment, i.e., is not geared solely to the count charging an armed felony, but operates on an additional set of factors, to wit, the defendant's choosing to "plead down" to a plea of guilty to a class D violent felony. In itself, this is a vital distinction. The statute in *Drummond* did not concern itself with plea bargaining; the instant statute does. The "escape hatch" provisions of subdivision 5 of section 70.02 of the Penal Law state, in pertinent part: "(b) In any case * * * the court may impose a sentence other than an indeterminate sentence of imprisonment, or a definite sentence of imprisonment for a period of no less than one year, if it finds that one or more of the following factors exist: (i) mitigating circumstances that bear directly upon the manner in which the crime was committed; or (ii) where the defendant was not the sole participant in the crime, the defendant's participation was relatively minor although not so minor as to constitute a defense to the prosecution; or (iii) possible deficiencies in proof of the defendant's commission of an armed felony. (c) The defendant and the district attorney shall have an opportunity to present relevant information to assist the court in making a determination pursuant to paragraph (b) hereof, and the court may, in its discretion, conduct a hearing with respect to any issue bearing upon such determination." It is amply noted in *Williams v New York* (337 US 241, 247-251): "Undoubtedly the New York statutes emphasize a prevalent modern philosophy of penology that the punishment should fit the offender and not merely the crime * * * Modern changes in the treatment of offenders make it more necessary now than a century ago for observance of the distinctions in the evidential procedure in the trial and sentencing processes * * * The due process clause should not be treated as a device for freezing the evidential procedure of sentencing in the mold of trial procedure. So to treat the due process clause would hinder if not preclude all courts — state and federal — from making progressive efforts to improve the administration of criminal justice." The holding in *Specht v Patterson* (386 US 605) does not detract from the applicability of the *Williams v New York* rationale to the circumstances herein. In *Specht,* the United States Supreme Court adhered to *Williams v New York (supra),* but viewed it as not extending to the radically different situation presented in *Specht* (386 US, at p 608). Specht was convicted for indecent liberties under one Colorado statute that carries a maximum sentence of 10 years. However, the trial court did not sentence him under such statute, but, instead, sentenced him under the Colorado Sex Offenders Act which carries an indeterminate term of from one day to life. The Sex Offenders Act operates where the court " 'is of the opinion that any * * * person [convicted of specified sex offenses], if at large, constitutes a threat of bodily harm to members of the public, or is an habitual offender and mentally ill.' § 1" (386 US, at p 607). The United States Supreme Court duly noted that the Sex Offenders Act under which defendant was not convicted makes one conviction of specified sex offense(s) "the basis for commencing *another pro-*

*ceeding* under [such] Act to determine whether a person constitutes a threat of bodily harm to the public, or is an habitual offender and mentally ill. That is a new finding of fact * * * that was not an ingredient of the offense charged" (386 US, at p 608; emphasis supplied). Accordingly, it was held in *Specht* that the invocation of the Sex Offenders Act entailed the making of a *new charge* leading to criminal punishment which requires under the due process clause that defendant be present with counsel, have an opportunity to be heard, be confronted with witnesses against him, have the right of cross-examination and to offer evidence of his own, and that there be findings adequate to make meaningful any appeal that is allowed. In our case, defendant is not confronted with a new charge having enhanced punishment, but is confronted with a plea bargain under a statute which imposes certain sentencing strictures on the sentencing court respecting the class D violent felony offense to which defendant pleaded guilty, concerning which strictures defendant was fully aware in voluntarily choosing to so plead, and which strictures are not absolute, but may be avoided under the "escape hatch" provisions. Simply stated, the statute (Penal Law, § 70.02, subd 5) does not enhance punishment for the crime to which defendant pleaded guilty; it merely prescribes that punishment having due regard for the fact that defendant was afforded the *privilege* of "pleading down" to a class D violent felony. Section 70.02 (subd 5, pars [b], [c]) of the Penal Law do not enhance the punishment prescribed by subdivision (a) thereof, they permit a *lessening* of that punishment. Under these circumstances, the holding of *Williams v New York* (*supra*) is fully applicable and the due process clause is not violated by subdivision 5 of section 70.02 of the Penal Law. It is well recognized that in passing sentence, "a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come" (*United States v Grayson,* 438 US 41, 50; see, also, *Roberts v United States,* 445 US 552, 556). Indeed, relevant to the broad inquiry that may be conducted by the sentencing court, it was specifically recognized that the sentencing Judge may take "into consideration facts directly related to the crimes with which the defendant was charged and to the crimes of which he was convicted, as revealed in the probation report" and is not frustrated in this endeavor "merely because the defendant, in pleading guilty to some counts of the indictment did not plead guilty to other counts" (*People v Smith,* 24 AD2d 760, 761). Subdivision 5 of section 70.02 of the Penal Law involves no mandatory presumption and does not purport to allocate either a burden of going forward or a burden of persuasion; it merely calls for individualized determinations within the legislative guidelines. In sum, subdivision 5 of section 70.02 of the Penal Law represents a rational attempt by the Legislature to accommodate the twin goals of encouraging bargained-for pleas of guilty to lesser offenses and, at the same time, discouraging overly lenient sentences for persons who are charged in an indictment with armed felonies. The statute permits the sentencing court to impose, under certain guidelines, upon a defendant charged in the indictment with an armed felony, but who obtains the *privilege* of pleading guilty to a class D violent felony, any sentence that it could have imposed on an individual who stands convicted of a class D violent felony and was not indicted for an armed felony. Paragraphs (b) and (c), which set forth the guidelines for the imposition of a lesser sentence, do not constitute a new charge or equivalent separate criminal proceeding. Subdivision 5 of section 70.02 of the Penal Law does not violate due process of law. The judgment, convicting defendant of attempted robbery in the second degree and sentencing him to an indeterminate term of imprisonment of one to three years should be affirmed.

Sullivan, J. (dissenting). I do not believe that the sentence imposed herein may be sustained by an appellate exercise, *de novo,* of the full scope of sentencing discretion from which the trial court believed itself foreclosed. A review of the record reveals that the court, unable to find any of the mitigating circumstances enumerated in section 70.02 (subd 5, par [b]) of the Penal Law, found itself obliged to impose, as promised, the minimum indeterminate sentence mandated by paragraph (a) of subdivision 5 of the same section: "I cannot find mitigating circumstances in this case because there is nothing in connection with the defendant's participation in this crime that mitigates, in any way, his personal deportment. His deportment since then is not to be considered a mitigating circumstance. Therefore, I cannot do it. I have ruled on it in any event." Thus, the court, precluded by subdivision 5 of section 70.02 from an unfettered review of all of the factors relevant to a sentence, including defendant's personal background, did not even attempt to justify its sentence as a product of the exercise of discretion. Moreover, except for a fallback position that the sentencing court abused its discretion in failing to find mitigating circumstances under section 70.02 (subd 5, par [b]) of the Penal Law, an argument without merit, the only issue raised on appeal is the constitutionality of section 70.02 (subd 5, par [a]) pursuant to the mandatory terms of which defendant was sentenced. Thus, by sanctioning the sentence imposed here upon an appellate review which goes beyond the factors actually considered by the sentencing court and upon an issue never presented on appeal, defendant is, in my view, effectively being denied the right to be heard both at sentence and on appeal. I do not believe that the constitutional issue can be avoided, and I would find subdivision 5 of section 70.02 of the Penal Law[1] unconstitutional. Defendant was charged with robbery in the first degree (using or threatening the immediate use of a dangerous instrument, to wit, a knife), robbery in the second degree (displaying what appeared to be a pistol) as an armed felony, and related offenses arising out of a January 18, 1979 incident in which, while allegedly displaying both a knife and what appeared to be a pistol, he stole a "Grateful Dead" button from one Sam Rohm on a subway train. Eventually, he pleaded guilty to attempted robbery in the second degree, a class D violent felony offense, under the first count, which charged him with robbery in the first degree predicated upon the use or

1. Insofar as is relevant subdivision 5 of section 70.02 of the Penal Law provides: "(a) Except as provided in paragraph (b) of this section, where a plea of guilty to a class D violent felony offense is entered pursuant to section 220.10 or 220.30 of the criminal procedure law in satisfaction of an indictment charging the defendant with an armed felony, as defined in subdivision forty-one of section 1.20 of the criminal procedure law, the court must impose an indeterminate sentence of imprisonment pursuant to section 70.00. (b) In any case in which the provisions of paragraph (a) hereof * * * apply, the court may impose a sentence other than an indeterminate sentence of imprisonment * * * if it finds that one or more of the following factors exist: (i) mitigating circumstances that bear directly upon the manner in which the crime was committed; or (ii) where the defendant was not the sole participant in the crime, the defendant's participation was relatively minor although not so minor as to constitute a defense to the prosecution; or (iii) possible deficiencies in proof of the defendant's commission of an armed felony. (c) The defendant and the district attorney shall have an opportunity to present relevant information to assist the court in making a determination pursuant to paragraph (b) hereof, and the court may, in its discretion, conduct a hearing with respect to any issue bearing upon such determination. If the court determines that an indeterminate sentence of imprisonment should not be imposed pursuant to the provisions of such paragraph (b), it shall make a statement on the record of the facts and circumstances upon which such determination is based. A transcript of the court's statement, which shall set forth the recommendation of the district attorney, shall be forwarded to the state division of criminal justice services along with a copy of the accusatory instrument."

threatened use of a knife.[2] The use or threatened use of a knife in a robbery does not constitute an armed felony offense. (CPL 1.20, subd 4.) The plea was entered pursuant to CPL 220.10 (subd 5, par [d], cl [ii]), which permits an accused who is charged with a class B or C violent felony offense, to plead, with the prosecutor's consent, to a lesser crime, provided he pleads guilty to at least a class D violent felony offense. Subdivision 5 of section 70.02 of the Penal Law, however, provides that where such a plea is entered in satisfaction of an indictment charging an armed felony offense, the court, in the absence of a finding of mitigating circumstances having to do with the commission of the crime, must impose an indeterminate term of imprisonment. If the court does find such mitigating circumstances it may impose a sentence more lenient than the otherwise mandated minimum term of one to three years. At the plea the court explained that because the second count of the indictment charged an armed felony an indeterminate sentence of at least one to three years was mandated, although it would consider "an application for lesser sentence due to mitigating circumstances * * * and review it carefully in conjunction with the probation investigation report". The court promised that in any event the sentence would not exceed a term of one to three years. On defendant's subsequent application the court was unable to find mitigating circumstances, and also rejected defendant's constitutional challenge that subdivision 5 of section 70.02 of the Penal Law violates due process because it mandates a minimum indeterminate sentence upon the basis of an unsustained charge and thereby precludes judicial consideration of a more lenient sentence alternative which would have been available if he had not been charged with an armed felony. But for the provisions of subdivision 5 of section 70.02 of the Penal Law, defendant could have received a definite term sentence of one year or less, probation, or a conditional or even unconditional discharge. In sentencing defendant to the promised term of one to three years, the court found "nothing in connection with the defendant's participation in this crime that mitigates, in any way, his personal deportment", and refused counsel's entreaties to consider certain "changes" in defendant's life since his arrest on the instant charges; that no one was injured during the commission of the crime involved, and that defendant had been born brain damaged. In enacting subdivision 5 of section 70.02 of the Penal Law, the Legislature chose to limit plea bargaining in instances where a defendant is charged with an armed felony by restricting the sentencing options available when such a defendant pleads guilty to a class D violent felony. No doubt the Legislature, which might well have chosen to disallow plea bargaining altogether in such situations, was concerned that without such a restriction on a court's sentencing prerogatives defendants charged with an armed felony who enter pleas to a lesser crime might receive overly lenient sentences. Certainly, a defendant does not have a constitutional right to a plea to a lesser charge in satisfaction of a more serious one. A plea to a lesser crime is a "matter of grace [to which] reasonable conditions may be attached" (*People v Esajerre,* 35 NY2d 463, 467; see, also, *People v Elliby,* 80 AD2d 875, application for lv to app den 53 NY2d 942), and, as the People correctly note, a legislative distinction in the treatment accorded those who are charged with an armed felony offense and those who are not is rational. (See *People v Drayton,* 39 NY2d 580, 585.) The issue before us, however, is not whether subdivison 5 of section 70.02 of the Penal Law makes a rational distinction between classes, but rather, whether the statute offends due

---

**2.** Indeed, attempted robbery in the second degree (Penal Law, §§ 110.00, 160.10) is not a lesser included offense of robbery in the first degree predicated upon the use or threatened use of a dangerous instrument. (See CPL 1.20, subd 37; Penal Law, § 160.15, subd 3.) Actually, in pleading to an attempted robbery in the second degree, defendant admitted facts sufficient to constitute robbery in the first degree committed by the use or threatened use of a dangerous instrument, i.e., a knife (Penal Law, § 160.15, subd 3).

process by eliminating sentencing alternatives otherwise available and mandating the imposition of an indeterminate sentence, merely because the indictment includes as one of the charges an armed felony offense. Of course, if subdivision 5 of section 70.02 were to provide for the disqualification of a defendant from lenient sentencing alternatives upon the basis of the crime of conviction, such a procedure, though perhaps not an ideal method for the exclusion of unworthy offenders, would withstand constitutional scrutiny since the Legislature has the power to impose mandatory sentencing upon any crime it so chooses, thereby limiting or even completely eradicating judicial discretion. (See, e.g., *People v Broadie,* 37 NY2d 100, 117; *People v McKay,* 21 AD2d 142.) It is fundamental that while a defendant can be punished for the crime to which he pleads guilty, he cannot be punished for acts which have been neither admitted nor proven. Since subdivision 5 of section 70.02 of the Penal Law precludes the imposition of a more favorable sentence which would otherwise be available, its effect is to impose increased punishment on the basis of an act charged, but unproven. In this respect subdivision 5 of section 70.02 is, I believe, fundamentally unfair and violative of due process. It is especially pernicious where, as here, a defendant pleads to a crime which is not even a species of armed felony. As already noted, the plea was entered under the first degree robbery charge predicated on the use or threatened use of a knife, which crime is not an armed felony offense. The preclusion of more favorable sentencing alternatives on the basis of an unproven charge, rather than on the crime sustained by conviction, was found to be violative of due process in *People v Drummond* (40 NY2d 990, cert den *sub nom. People v Luis J.,* 431 US 908). The issue there was the constitutionality of former CPL 720.10 (subd 2), which eliminated from youthful offender consideration any otherwise eligible youth merely because the indictment contained a charge which constituted a class A felony. The Court of Appeals held (p 992) that the total exclusion of defendants indicted for class A felonies violated due process because it made "the privileged penal sanction to be imposed depend solely upon an accusation, however formal, rather than an adjudication, however informal, in the adversarial criminal process." In so holding the court relied upon the reasons stated in the dissenting opinion of Justice Samuel Rabin at the Appellate Division (51 AD2d 1, 14-16): "By according a decisive role in the determination of which youths are eligible for youthful offender treatment to nothing more substantial than a written statement of unproven allegations (see CPL 1.20, subd 3), the statute offends reasonable notions of fairness." (*Supra,* p 15.) Here, the sentencing court, recognizing that an indictment-based exclusion violates due process, distinguished subdivision 5 of section 70.02 of the Penal Law from the statute in *Drummond* on the ground that section 70.02 (subd 5, par [b]) contains an "escape hatch" which, by allowing a defendant to demonstrate affirmatively that his conduct does not "rise to that of an armed felon", saves it from constitutional infirmity. Section 70.02 (subd 5, par [c]) permits the defendant and the prosecutor to present "relevant information to assist the court in making a determination" whether any of the three factors specified in paragraph (b) of subdivision 5 exist. The difficulty with this argument is that even the review under paragraph (b) of subdivision 5 is geared to the crime charged, not the crime of which defendant has been convicted. The Legislature may not premise any action upon unsustained charges once an adjudication has been made. Once a defendant is convicted, the indictment becomes meaningless. As the Court of Appeals has noted: " [The defendant's] plea only admits the facts stated in the plea as constituting the lesser crimes * * * This was quite different from pleading guilty to [an] indictment and gave no warrant to the court to conduct an inquiry to ascertain whether the facts

alleged in the indictment were true or whether, if the acts described in the indictment were committed, the person who did so was armed." (*People v Griffin,* 7 NY2d 511, 515.) In *Griffin,* a defendant charged with armed assault pleaded guilty to the lesser offense of attempted unarmed assault. The plea colloquy did not contain any admission by the defendant that he had been armed. Nevertheless, at sentencing, the court conducted a trial-like inquiry, determined that he had in fact been armed, and applied the enhanced punishment statute then governing persons who committed felonies while armed. (See former Penal Law, § 1944.) The court held (p 516) that since it could not be assumed from the plea admissions to the lesser charge that the defendant was armed, the postadjudication inquiry was not permissible: "The charges in the indictment cannot be tried after a plea to a lesser crime has been interposed, which stands as a barrier even where the inquiry discloses that an actual [crime] has been committed and not merely an attempt." Of course it is true, as pointed out by the People, that defendant, having been promised the minimum indeterminate term of one to three years, in the absence of a finding of mitigating circumstances, could not have been misled as to his sentence as the defendant in *Griffin* might have been. Nor was he surprised by the inquiry as to whether mitigating circumstances existed since the procedure followed was precisely what the statutory scheme contemplated, and it was he who initiated the inquiry. But even were it permissible in such circumstances for an indictment to have some effect after a plea of guilty, subdivision 5 of section 70.02 would still offend due process because it required enhanced punishment without requiring the People to make any additional showing. The statute thus impermissibly placed upon defendant the burden of extricating himself from an enhanced sentence. Even though section 70.02 (subd 5, par [c]) does not specify where the burden of proof lies,[3] its practical effect is to place the burden of going forward and of persuasion on a defendant because, in the absence of any mitigating circumstances, the court cannot consider a more lenient sentence alternative and must impose an indeterminate sentence. Thus, the statute creates a presumption, albeit rebuttable, that one who is accused of an armed felony but pleads only to a violent felony offense has, in fact, committed a crime involving the use of a firearm, by virtue of which he is disqualified from more favorable sentencing treatment. While it is within the State's power to regulate its procedures, it may not do so if "it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." (*Snyder v Massachusetts,* 291 US 97, 105.) It "is not within the province of a legislature to declare an [accused] guilty or presumptively guilty of a crime." (*McFarland v American Sugar Co.,* 241 US 79, 86.) The Legislature cannot "validly command that the finding of an indictment, or mere proof of the identity of the accused, should create a presumption of the existence of all the facts essential to guilt." (*Tot v United States,* 319 US 463, 469.) Concededly, courts have always considered the guilt determination process differently from sentencing. "The due process clause should not be treated as a device for freezing the evidential procedure of sentencing in the mold of trial procedure." (*Williams v New York,* 337 US 241, 251.) Thus, in passing sentence, "'a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.'" (*United States v Grayson,* 438 US 41, 50; see, also, *Roberts v United States,* 445 US 552.) But in the usual sentencing situation judicial discretion in the consideration of the

---

3. Compare CPL 400.15 (subd 7, par [a]); 400.20 (subd 5); 400.21 (subd 7, par [a]) which provide the procedure for postconviction proceedings to determine whether a defendant is subject to enhanced punishment as a recidivist. In these proceedings the burden of proof is upon the People.

nature and circumstances of the crime turns on facts as to which guilt has already been established. Under subdivision 5 of section 70.02 of the Penal Law, however, enhanced punishment is mandated on the basis of an unproven charge, unless the court finds mitigating circumstances relative to the manner in which the crime was committed, the defendant's participation therein or the strength of the People's case. In fact, should the court determine not to impose an indeterminate sentence, it is required to make a statement of the facts and circumstances upon which its determination is based. (Penal Law, § 70.02, subd 5, par [c].) Thus, in determining whether to extend leniency and impose a nonindeterminate sentence, the court is engaged in a postconviction fact-finding process. When a sentencing procedure requires that facts not established by the conviction be considered so that sentence might be enhanced, a defendant is entitled to all the protections guaranteed by due process. (See *Specht v Patterson,* 386 US 605, 608-610.) In *Specht* petitioner had been convicted for indecent liberties under a Colorado statute that carried a maximum sentence of 10 years. After a psychiatric examination and the furnishing of a complete report to the sentencing court in full compliance with the governing statute, petitioner was sentenced, not pursuant to the statute under which he was convicted, but under another, the Sex Offenders Act. He was not afforded a hearing or right of confrontation. In holding that due process protections apply to a sentencing procedure which contemplates the consideration of factual allegations not established by the conviction so that sentence might be enhanced, the court quoted *United States ex rel. Gerchman v Maroney* (355 F2d 302, 312): " 'It is a separate criminal proceeding which may be invoked after conviction of one of the specified crimes. Petitioner therefore was entitled to a full judicial hearing before the magnified sentence was imposed. At such a hearing the requirements of due process cannot be satisfied by partial or niggardly procedural protections. A defendant in such a proceeding is entitled to the full panoply of the relevant protections which due process guarantees in state criminal proceedings. He must be afforded all those safeguards which are fundamental rights and essential to a fair trial' ". (*Supra,* pp 609-610.) A basic safeguard of due process is that the prosecution bear the burden of proof. " 'Due process commands that no man shall lose his liberty unless the Government has borne the burden of * * * convincing the factfinder of his guilt.' To this end the reasonable-doubt standard is indispensable". (*Matter of Winship,* 397 US 358, 364, citing *Speiser v Randall,* 357 US 513, 526.) Subdivision 5 of section 70.02 of the Penal Law fails to pass constitutional muster because it requires that a defendant be subjected to enhanced punishment on the basis of an unproven charge, without requiring the People to make any additional showing, thus impermissibly placing upon the defendant the burden of extricating himself from the enhanced sentence. This violates due process of law. Accordingly, the judgment should be modified, on the law, to the extent of reversing it with respect to the sentence and, except as thus modified, it should be affirmed and the matter remanded to Trial Term for resentencing.