■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DESIREE MILLER, Appellant.—Kane, J. Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered September 2, 1983, convicting defendant upon her plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

On September 24, 1982, defendant sold 27.62 grams of cocaine. As a result of that sale, defendant was indicted and charged with criminal sale of a controlled substance in the second degree, a class A-II felony. Pursuant to a plea bargain, defendant pleaded guilty to criminal possession of a controlled substance in the third degree, a class B felony, on the condition that she could submit a motion to the sentencing court asking that the statutory mandatory prison sentence (Penal Law § 70.00) not be applied in her case. County Court denied

defendant's motion and sentenced defendant to the minimum mandatory sentence of 1 to 3 years' imprisonment. This appeal ensued.

Defendant's first contention is that her situation is one of the "rare cases" envisioned in *People v Broadie* (37 NY2d 100, 119, *cert denied* 423 US 950) where application of the mandatory prison sentence is unconstitutional as cruel and unusual punishment. This contention is without merit. Although the incident in question was defendant's first criminal offense, other than a shoplifting charge which was adjourned in contemplation of dismissal in 1977, and defendant is a widow who supports her six-year-old child, the fact remains that defendant admitted knowingly agreeing to participate in a drug transaction in order to make money. The facts underlying the crime were that defendant participated in the sale of 27.62 grams of cocaine for $2,600. Under the circumstances, County Court correctly denied defendant's request that the mandatory prison sentence not be imposed.

Finally, defendant contends that CPL 220.10 and 220.30 (3) (b) (viii) violate her due process rights because the statutes restricted her ability to plea bargain based on the level of the crime charged. In this regard, a defendant charged with a class A-II drug felony may not be allowed to plead guilty to any charge lower than a class B felony (CPL 220.10, 220.30 [3] [b] [viii]). A defendant, however, has no right to plead guilty except to the entire indictment *(People v Felix,* 87 AD2d 529, 531 [Lupiano, J., concurring], *affd* 58 NY2d 156, *appeal dismissed* 464 US 802; *see,* CPL 220.10 [1]). Therefore, the Legislature may properly limit the level down to which a defendant may plead guilty *(see, People v Felix,* 58 NY2d 156, 162, n 3). In this case, defendant was allowed to plead guilty to a lesser crime than the one charged and she was sentenced in accordance with the constraints of the sentencing provision of the lesser charge *(see,* Penal Law § 70.00). The judgment should be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.