■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS MELO, Appellant.—Judgment of the Supreme Court, New York County (Thomas B. Galligan, J.), rendered on July 7, 1988, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree and sentencing him to concurrent terms of imprisonment of 15 years to life on the former charge and 2 to 6 years on the latter charge, unanimously affirmed.

Defendant negotiated the terms of a cocaine sale with two undercover officers who were introduced to the defendant by a confidential informant, and was arrested in his apartment after delivery of 4,032 vials containing almost five ounces of crack-cocaine to the undercover officer. He alleges on appeal that the court erroneously refused to give a missing witness charge when the People did not call the informant as a witness. However, six police witnesses gave testimony inconsistent with defendant's entrapment defense, and defendant did not make the required showing that the informant would be expected to provide *noncumulative* testimony favorable to defendant *(People v Gonzalez,* 68 NY2d 424, 427; *People v Daniels,* 156 AD2d 297).

Defendant's argument that the court denied him constitutional due process in refusing to accept his plea to a lesser charge prior to trial is without merit. A defendant has the right to plead guilty only to the entire indictment, and may plead guilty to a lesser included offense only "with both the permission of the court and the consent of the people" (CPL 220.10 [2], [4]).

Defendant's argument that the court committed error in permitting evidence that at a meeting at which his attorney was present, he attempted to secure his release from jail in exchange for information regarding the source of the drugs he planned to sell, was not preserved for review by timely objection and is, in any event, without merit *(People v Evans,* 58 NY2d 14, 22). The defendant could have sought as a condition for the negotiations an agreement from the prosecutor not to use his statements against him, but he did not *(People v Gonzalez, supra,* at 427).

Absent such agreement with the District Attorney, pre-pleading admissions made in the presence of the defendant's attorney are admissible. Finally, the defendant's claims of prejudicial comments made by the prosecutor during summation, which comments were not objected to, are not preserved for our review. Concur—Kupferman, J. P., Sullivan, Ross, Ellerin and Wallach, JJ.