■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK A. PRENTICE, Appellant.—Casey, J. P. Appeal from a judgment of the County Court of Tompkins County (Friedlander, J.), rendered March 3, 1989, convicting defendant upon his plea of guilty of the crimes of robbery in the first degree (two counts), burglary in the first degree (two counts) and assault in the first degree (two counts).

After the victim of the robbery had testified, defendant attempted to plead guilty to the first count of the indictment (which charged robbery in the first degree) in full satisfaction

of the indictment which contained five additional charges. County Court and the District Attorney were willing to accept the plea provided defendant admitted the facts constituting that offense. When defendant refused to admit the particulars of the crime, County Court refused to accept the plea. The trial continued and after nine more witnesses had testified, but before the prosecution had rested, defendant entered a plea of guilty to the entire indictment.

Based on his plea, defendant was convicted of two counts of robbery in the first degree, two counts of burglary in the first degree and two counts of assault in the first degree. Defendant was sentenced as a predicate felon to indeterminate concurrent terms of imprisonment of 12½ to 25 years on the robbery and burglary counts, and concurrent terms of 7½ to 15 years on the assault counts.

Defendant raises several issues on this appeal that are devoid of merit. Defendant's contention that he had the right to plead to the first count of the indictment is contradicted by the CPL (CPL art 220). If a plea is to be entered as a matter of right, it must be a plea of guilty to the entire indictment (CPL 220.10). A plea to less than the entire indictment requires the consent of the court and the People (CPL 220.10 [4]; *People v Melo,* 160 AD2d 600, *lv denied* 76 NY2d 792). The counts to which defendant pleaded were not inclusive concurrent counts (CPL 300.30). They were separate and distinct additional crimes.

Defendant's plea has forfeited any claim concerning the legal sufficiency of the evidence before the Grand Jury *(see, People v Thomas,* 53 NY2d 338) and the trial evidence by the prosecution was not concluded before defendant entered his plea. Defendant further alleges that the plea allocution was legally insufficient to support the crimes to which he confessed, but County Court had heard nine witnesses describe defendant's crimes before defendant opted to plead and defendant made no motion to vacate his plea *(see, People v Lopez,* 71 NY2d 662).

We have examined defendant's claim that the lineup procedure was improperly suggestive and find no merit in such contention. The victim's identification was positive and based on the view that the victim had of defendant in broad daylight when the crimes were committed.

As to the issue of defendant's prior felony, defendant conceded that he was previously convicted of the felony in question so that he had the burden of proving that such conviction

was unconstitutionally obtained (CPL 400.21 [7] [b]; *People v Harris,* 61 NY2d 9, 15). Defendant failed to meet this burden.

Finally, considering defendant's vicious, unprovoked attack of an 81-year-old man who was attempting to get defendant a glass of water that he had requested, the sentences imposed were fully justified and defendant's conviction should in all respects be affirmed.

Mikoll, Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the judgment is affirmed.