■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BURTON, Appellant. (Appeal No. 1.) [652 NYS2d 564] —Judg-

ment unanimously affirmed. Memorandum: Defendant appeals from separate judgments of County Court revoking sentences of probation previously imposed on separate underlying convictions, and sentencing defendant to consecutive terms of incarceration of $2^1/_3$ to 7 years on each of the prior convictions, for an aggregate term of $4^2/_3$ to 14 years. Defendant contends that the court violated his right to due process in revoking his probation based on two "de minimis" violations, and that the sentence is harsh and excessive.

Defendant's right to due process was not violated. Defendant was afforded a violation of probation hearing that met applicable due process requirements (*see generally, Gagnon v Scarpelli*, 411 US 778; CPL 410.70). Although defendant contends that his violations were "de minimis", we conclude that they were sufficiently serious to warrant the revocation of probation and imprisonment on the underlying violent felonies. We further conclude that the sentence is not unduly harsh or severe in light of the circumstances of this case and defendant's character and criminal record. (Appeal from Judgment of Monroe County Court, Bristol, J.—Violation of Probation.) Present—Denman, P. J., Pine, Wesley, Doerr and Balio, JJ.