■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HAAS, Appellant. [666 NYS2d 324] —Carpinello, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered September 11, 1996, which revoked defendant's probation and imposed a term of imprisonment.

While serving a five-year term of probation for felony driving while intoxicated, defendant was charged with violating the terms of his probation after a police officer observed him driving a vehicle. A plea agreement was reached wherein defendant agreed to plead guilty to the probation violation in exchange for a sentence of 15 days in jail and continued probation. At the plea allocution, however, defendant responded in the negative when asked to admit the factual allegations underlying the charge. Accordingly, County Court scheduled a probation violation hearing (see, CPL 410.70), after which defendant was found guilty of violating probation and sentenced to an indeterminate prison term of 1⅓ to 4 years.

Defendant contends that he was deprived of effective assistance of counsel by defense counsel's failure to explore the possibility of an *Alford* plea (*see, North Carolina v Alford*, 400 US 25). We disagree. As a general matter, an accused has no right to plead guilty except to an entire indictment (*see, People v Miller*, 126 AD2d 868, 869, *lv denied* 69 NY2d 884). Moreover, pleading guilty to anything less than what is charged or by way of an *Alford* plea is left entirely to the discretion of the People, subject to County Court's consent (*see*, CPL 220.10; *People v Washington*, 229 AD2d 726, 727, *lv denied* 88 NY2d 1025; *People v Prentice*, 175 AD2d 315, 316, *lv denied* 78 NY2d 1079; *People v Miller, supra*; *see generally, North Carolina v Alford, supra*, at 38, n 11). Because defendant did not have an absolute right to enter an *Alford* plea, the alleged failure by defense counsel to explore this as an alternative does not amount to ineffective assistance of counsel (*see generally, People v Hayes*, 115 AD2d 910).

Additionally, there is no affirmative obligation on the part of a defense attorney to inquire into the possibility of an *Alford* plea. Rather, an attorney must provide an accused meaningful representation (*see, People v Ford*, 86 NY2d 397, 404; *People v Satterfield*, 66 NY2d 796) and his or her participation in plea discussions is but one factor to consider in assessing whether this standard has been met (*see, People v Rose*, 57 NY2d 837, 838 [defense counsel's failure to explore the possibility of plea bargaining does not constitute error as a matter of law]). Upon our review of the record, and in consideration of the lower burden of proof with respect to probation violation proceedings (*see*, CPL 410.70 [3]), we are satisfied that defendant received meaningful representation (*see, e.g., People v Griffith*, 239 AD2d 705).

Defendant next contends that he was penalized by County Court for "insist[ing]" on his right to a probation violation hearing. The penalty, according to defendant, was the imposition of a harsher sentence than previously agreed to during plea negotiations. Contrary to defendant's contentions, County Court never attempted to induce him to plead guilty by the threat of a harsher sentence. In fact, the contrary is true. When defendant failed to admit the factual allegations underlying the charge, County Court, as it was obligated to do (*see, People v Serrano*, 15 NY2d 304, 309-310), refused to accept the plea and insisted that the matter be set down for a hearing (*see*, CPL 410.70).

Having been found guilty of violating probation following a hearing, County Court was free to revoke probation as long as

it stated its reasoning (*see, e.g., People v McCloud,* 205 AD2d 1024, *lv denied* 86 NY2d 738) and to impose a sentence that was authorized for the original crime (*see,* CPL 410.70 [5]; Penal Law § 60.01). In sentencing defendant to prison, County Court reviewed his criminal history and fully articulated the basis for the revocation (*see,* CPL 410.70 [5]). Defendant has failed to demonstrate that this sentence—which is within the statutory range for felony driving while intoxicated—was imposed to penalize him for exercising his right to a probation violation hearing. Accordingly, we do not find the sentence to be improperly imposed or harsh and excessive (*see, e.g., People v Recor,* 209 AD2d 831, 832, *affd* 87 NY2d 933; *People v Thomas,* 201 AD2d 806).

Finally, the provisions outlined in CPL 410.70 governing a probation violation hearing, which is not a criminal proceeding (*see, People v Neuroth,* 172 AD2d 886, *lv denied* 78 NY2d 956), comport with all constitutional and statutory mandates and we reject defendant's contrary contention (*see, e.g., People v Burton,* 234 AD2d 972, *lv denied* 89 NY2d 1033; *People v Recor, supra; People v Minard,* 161 AD2d 607, *lv denied* 76 NY2d 861; *People v Tyrrell,* 101 AD2d 946).

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.