■ The People of the State of New York, Respondent, v David B. Corbett, Appellant. [748 NYS2d 880] —Kane, J. Appeal from a judgment of the County Court of Cortland County (Avery, Jr., J.), rendered September 19, 2000, which revoked defendant's probation and imposed a sentence of imprisonment.

Following his conviction of three counts of criminal contempt in the first degree, defendant was sentenced to a five-year term of probation. He was subsequently charged with violating certain conditions of his probation. Counsel was appointed to represent defendant at the arraignment and he entered a plea of not guilty. Thereafter, he and other witnesses testified at a probation revocation hearing. At the conclusion of the hearing, County Court revoked defendant's probation and resentenced him to three prison terms of 1 to 3 years, to run consecutively. By order on a CPL article 440 application, the sentences were reduced to a one-year determinate sentence.

Defendant's sole contention on appeal is that he was deprived of due process. Specifically, he asserts that he was not given sufficient time to prepare a defense before the hearing, his assigned counsel was unprepared, the hearing was "rudimentary" and County Court was hostile to him. Upon reviewing the record, we find that it fails to substantiate defendant's conclusory assertions. Defendant had ample time to prepare a defense and testified on his own behalf at the hearing. His attorney advocated for him and cross-examined adverse witnesses at the hearing. Contrary to defendant's claim, the court conducted itself in a fair and impartial manner and did not exhibit any signs of hostility. We note that "a violation of probation hearing is a summary proceeding which does not trigger strict evidentiary rules or all the procedural safeguards available to a defendant in a criminal action, and that statutory and due process rights are met as long as a defendant is given formal notice of the charges, along with an opportunity to be heard and to confront witnesses against him" (*People v Recor*, 209 AD2d 831, 831, *affd* 87 NY2d 933; *see* CPL 410.70). Insofar as these requirements were met in the case at hand, we find no reason to disturb the judgment of conviction.

Mercure, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.