■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH R. TRATHEN, Appellant. [768 NYS2d 675]—

Rose, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered December 9, 2002, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was convicted on his pleas of guilty of the crimes of aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated, each occurring at a different time and place. County Court agreed to adjourn defendant's sentencing for one year and sentence him to probation if he complied with written conditions of interim probation supervision (*see* CPL 390.30 [6]). He was subsequently charged with violating those conditions by, among other things, owning and driving a motor vehicle and purchasing and consuming alcoholic beverages. At the conclusion of a hearing, County Court determined that defendant had violated the conditions and sentenced him to two consecutive one-year jail terms.

Defendant contends on this appeal that his right to the effective assistance of counsel was violated by inadequate legal representation at the hearing. We disagree. Unlike a criminal action, a hearing of this type is akin to a probation revocation hearing, which is a summary proceeding where the standard of review is "a preponderance of the evidence" (CPL 410.70 [3]) and the sole issue is whether the defendant has violated a condition of probation (*see People v Sawinski*, 294 AD2d 667, 668 [2002], *lv denied* 98 NY2d 701 [2002]). To this end, defendant's counsel cross-examined adverse witnesses (*see People v Corbett*, 299 AD2d 580, 581 [2002]), pursued a strategy of justifiable excuse and afforded defendant meaningful legal representation under the circumstances (*see People v Haas*, 245 AD2d 825, 826 [1997]).

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.