■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS DANIELS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered August 19, 1974, convicting him of criminally selling a dangerous drug in the second degree and criminal possession of a dangerous drug in the second and fourth degrees, upon a jury verdict, and imposing sentence. Judgment modified, on the law and as a matter of discretion in the interest of justice, by (1) reversing the convictions of criminal possession of a dangerous drug in the second and fourth degrees, and the sentences imposed thereon, and the said counts are dismissed, and (2) reducing the sentence imposed upon the conviction of criminally selling a dangerous drug in the second degree to an indeterminate period of imprisonment with a maximum of 15 years. As so modified, judgment affirmed. The

convictions of criminally selling a dangerous drug and criminal possession of a dangerous drug all stem from a single transaction which occurred on May 3, 1973. Under the facts herein, criminal possession of a dangerous drug is a lesser included offense of criminally selling a dangerous drug and, accordingly, the convictions under the possession counts must be reversed and the said counts dismissed (see *People v Lee*, 39 NY2d 388; *People v Bertolino*, 55 AD2d 937). At sentencing, the Judge who was also the Trial Judge, imposed a sentence with a maximum of 25 years and a minimum of 8 years and 4 months, specifically because "the evidence before this court indicates that this defendant in addition to the sale for which he is found guilty in this case, was the supplier of at least one other individual who has been found guilty before this court". The defendant was not on trial in the other case to which the court referred; nor was he a witness at that trial. It was improper for the sentencing court to have imposed the maximum sentence upon the basis of information adduced at another trial, which information the defendant had no opportunity to refute. The sentence imposed was excessive and should be reduced to an indeterminate period of imprisonment with a maximum of 15 years, as recommended by the Probation Department. Cohalan, J. P., Damiani, Rabin and Titone, JJ., concur.