OPINION OF THE COURT
George A. Reed, J.
This is an appeal from a sentence imposed by a Judge other than the one who accepted the guilty plea.
Appellant pleaded guilty before Acting City Court Judge Frederic T. Henry, Jr. A probation report was ordered and the case was adjourned for sentence. The matter came on for sentence before Judge Avery. Over objection that sentence should be imposed only by Judge Henry, Judge Avery imposed sentence.
On this appeal, defendant argues that (1) sentence by a substitute Judge was error, (2) that the court erred in denying *353 a youthful offender request that the press be excluded from sentencing and not reported in the paper, and (3) that the sentence was excessive.
Sentence was a conditional discharge and intermittent sentence to jail on two weekends. As noted by the trial court, the defendant had a record of truancy, incorrigibility, alcohol involvement and placement as a juvenile with the Division for Youth. On such record, this court is unable to say that a shock sentence was an abuse of discretion.
Next, denial of defendant’s motion to exclude the press was not reversible error. The youthful offender statute (CPL 720.15) has been amended several times and now mandates sealing the record to the public for an apparently eligible youth in misdemeanor cases. Sealing the record does not mandate physical exclusion of the press and certainly does not authorize an order, in prospectus, restraining the press from reporting the case. If the motion be deemed a request for granting youthful offender status to an apparently eligible youth and the ruling to be a denial of such request, it did not invalidate the sentencing process because, therein, such status was granted.
Judge Avery apparently pronounced sentence on appellant’s codefendant the same day. Apart from this, there does not appear to be any reason for imposition of sentence in this case by the Judge other than the one who took the plea.
Ordinarily, sentence should be imposed by the Judge who heard the case. (State v Brennan, 115 NJ Super 400; United States v Bowser, 497 F2d 1017, cert den 419 US 857.) In this case, of course, there was no trial so that many of the arguments for continuity of Judges are inapplicable. However, in taking a plea, the Judge could and should be effected by the attitude and demeanor of the defendant. Did the defendant readily admit her guilt? Did she appear remorseful? Did she readily admit the substantive facts which constituted the offense? On the other hand, did she appear defiant, lacking in remorse, or was she evasive in admitting the culpable facts? These matters indicate that it is preferable that the same Judge should impose the sentence, whether after trial or plea. Although there is no allegation of broken plea bargain in this case, sentence by the same Judge would minimize the possibility of such.
It is clear that there is no constitutional right to a sentence by the same Judge who received the verdict and that the *354 general rule is that a Judge who is substituted in a criminal case at a stage of the proceedings, where his only duty is to impose sentence, has jurisdiction to act. (Ann. — Substitution of Judge in Criminal Case, 83 ALR2d 1032, 1041.) Substitution has been held to be proper in cases involving a change in the membership of a three Judge court (People v Bork, 96 NY 188; People v Brown, 153 App Div 234), where the Trial Judge is deceased (State v Henderson, 243 La 233, cert den 371 US 942), retired (State v Tettamble, 450 SW2d 191 [Mo]; Fogg v Commonwealth, 215 Va 164; but cf. McClain v State, 186 Tenn 401), promoted to a higher court (State v Kelly, 5 Ariz App 280), subsequently disqualified (State v Brennan, 115 NJ Super 400, supra), and where the Trial Judge wrote out the sentence to be imposed by another Judge of the same court. (State v Jones, 115 Iowa 113.)
Substitution should be made cautiously. The substituted Judge must familiarize himself with the case thoroughly before proceeding. (Caplinger v State, 271 So2d 780 [Fla].) Several courts have held that while sentence by a substitute Judge was not invalid, the better practice was sentence by the original Judge. (United States v Bowser, 497 F2d 1017, cert den 419 US 857, supra; People v Cole, 177 Cal App 2d 458.) In Bowser, the court wrote that substitution should be limited to circumstances beyond the control of the court such as death, retirement, or expiration of term. Another court stated that substitution should be limited to cases of imperative necessity. (Commonwealth v Rhoads, 227 Pa Super Ct 197.) Confined solely to cases of necessity was the ruling of another Pennsylvania court (Commonwealth v Thompson, 328 Pa 27).
Obviously, there are substantial advantages to be gained in the speedy disposition of cases if one Judge can sentence for another who temporarily is unavailable. Also, quite obviously, there is a substantial amount of Judge shopping in the entry of guilty pleas. Unless designated, one Judge should not take it upon himself to sentence who has been convicted before another Judge who is still able to act. (Beatty v Alston, 40 Ohio App 2d 545, affd 43 Ohio St 2d 126.)
Since neither designation of a substitute nor any reason for substitution appears on the record, the case is remanded to the Canandaigua City Court for a statement of the reason for substitution in this case; or, if there be no justifiable reason for substitution, for resentence by Judge Henry.