■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE GREEN, Appellant.—Judgment, Supreme Court, Bronx County, rendered December 7, 1978 convicting defendant on a jury verdict of robbery in the first degree (Penal Law, § 160.15), and sentencing him to an indeterminate term of imprisonment of 12½ to 25 years, is modified, as a matter of discretion in the interest of justice to the extent of reducing the sentence to an indeterminate term of imprisonment of which the minimum shall be 7½ years and the maximum shall be 15 years, and the judgment is otherwise affirmed. Defendant was convicted of robbery in the first degree on the basis of his participation in the knifepoint robbery of one Michael Davis. Davis had known defendant and his brother, the codefendant, for several years. The defense was that Davis imagined the entire crime. Since the proof established that Davis was a paranoid schizophrenic, defendant contends that Davis' testimony was incompetent or incredible by reason of such mental illness. Defendant asserts that Davis' testimony was the only evidence of defendant's participation in the crime. Accordingly, defendant argues the verdict was against the weight of the credible evidence. However, the mere fact that the complainant is mentally ill does not per se render his testimony incompetent or incredible (CPL 60.20, subd 1; *People v Rensing,* 14 NY2d 210, 213). Moreover, there was other compelling evidence negating the contention that the crime was imagined, to wit, Davis' prompt and detailed complaint to the police, defendant's brother's admission to the police that he had participated in the robbery of Davis and the brother's plea of guilty of such robbery. There was ample evidence that Davis was the victim of a robbery. Defendant contends it was reversible error to admit in evidence his brother's statement to the police that the brother robbed Davis

and to receive in evidence a stipulation as to the brother's guilty plea. This evidence was properly received only to establish that Davis was actually robbed and not for the purpose of establishing this defendant's guilt. All references to defendant in the statement and plea were deleted and the court repeatedly and clearly instructed the jury that the statement was received only for the purpose of establishing that Davis was robbed and not for the purpose of establishing this defendant's guilt. The statement was plainly admissible for the purpose offered as a declaration against the brother's penal interest. All criteria for admissibility were met: (1) the unavailability of defendant's brother who had absconded at the time of the trial; (2) the brother's awareness that the statement was adverse to his penal interest; (3) the brother's competent knowledge of the facts; and (4) independent proof attesting to the trustworthiness of the statement *(People v Settles,* 46 NY2d 154, 167). As required there was "a satisfactory showing (1) that resort to such proof is necessary to the discovery of truth and (2) that the proffered evidence is reliable" *(People v Maerling,* 46 NY2d 289, 295). The evidence was necessary to the discovery of the truth that Davis did not imagine the robbery. Its reliability is not in doubt. We have examined other alleged errors and find them to be without merit. However, under the circumstances, we have concluded that the sentence was excessive. Defendant's brother, who pleaded guilty to robbery in the third degree, received 1½ to 4 years. It is undoubtedly true that the brother was entitled to consideration because he pleaded guilty and the crime to which he pleaded was a lesser crime. Defendant's brother also co-operated with the police with respect to locating this defendant and describing his participation in the crime. This defendant's record is not good, but it is noteworthy that the District Attorney recommended a sentence of 7½ to 15 years. Although obviously such a recommendation is not binding upon the court, it is entitled to consideration. The court in fixing the sentence imposed indicated a deep concern with the minimum amount of time which the defendant would be required to serve, which the court indicated should be a minimum of 10 years. The court also indicated a belief that sentences for crimes to which defendant had previously been convicted had been too lenient. A defendant who is convicted after trial of a higher crime cannot expect the same sentence as a codefendant who has negotiated a plea to a lesser crime. However, when the culpability of each defendant is equivalent, the disparity in sentence is entitled to consideration. Moreover, the fact that the court deemed prior sentences by other Judges to have been less than adequate was an inappropriate consideration. Although we are not unaware that what constitutes an appropriate sentence is a matter within the sound discretion of the trial court, we think the defendant should not have been sentenced to the absolute maximum that the law permits for the crime of which the jury convicted him. We therefore reduce the sentence to 7½ to 15 years. Concur—Murphy, P. J., Kupferman, Birns, Fein and Markewich, JJ.