OPINION OF THE COURT
Meyer, J.
There is no due process infirmity under either the Federal or the State Constitution in the requirement of subdivision 5 of section 70.02 of the Penal Law that a defendant who has been charged with an armed felony and permitted in satisfaction of the indictment to plead guilty to a class D violent felony must receive an indeterminate sentence of one to three years unless the court finds that factors specified in the section warrant imposition of less than an indeterminate sentence. The order of the Appellate Division affirming the judgment of conviction of defendant should, therefore, be affirmed.
I
While allegedly displaying both a knife and what appeared to be a pistol, defendant stole a “Grateful Dead” button from another passenger on a subway train. Indicted for robbery in the first degree (using or threatening the immediate use of a dangerous instrument [the knife]), robbery in the second degree (displaying what appeared to be a pistol), attempted robbery in the first degree and two counts of criminal possession of a weapon in the fourth degree, defendant pleaded guilty to “attempted robbery in the second degree, as a violent felony under an indictment *159 charging you with an armed violent felony; the plea to be in full satisfaction of the indictment and the plea being under the first count of the indictment”. As part of the pleá colloquy the Trial Judge explained to defendant “that a class D felony under this indictment which charges an armed violent felony in the second count, even though your plea is to a simple violent felony as a class D, attempt [sic] robbery in the second degree, would require the Court to impose as a minimum sentence no less than one, no more than three years in state prison as a minimum sentence” but stated that defendant’s attorney could make and the court would consider “an application for a lesser sentence due to mitigating circumstances”. Defendant admitted as part of the plea that he used or threatened immediate use of a knife, but was not questioned with respect to the display of what appeared to be a pistol and, therefore, did not directly admit the commission of an armed felony as that term is defined in CPL 1.20 (subd 41).
By memorandum and again at the time of sentence, defendant sought a reduced sentence on the basis of mitigating circumstances. His application was denied on the ground that the circumstances did not, as required by section 70.02 (subd 5, par [b]) of the Penal Law, bear upon the manner in which the crime was committed. He also argued that the provisions of that subdivision[1] violate the *160 due process clauses of the Federal (US Const, 14th Amdt) and State (NY Const, art I, § 6) Constitutions.
The Trial Judge held the subdivision constitutional and imposed the one- to three-year sentence required by section 70.00 of the Penal Law. Distinguishing our decision in People v Drummond (40 NY2d 990, cert den sub nom. New York v Luis J., 431 US 908) on the ground that the statute there in question made an indicted youth automatically ineligible for youthful offender treatment based upon the highest count of the indictment, he noted that the three exceptions contained in section 70.02 (subd 5, par [b]) of the Penal Law “allow the Court much of its usual sentencing discretion regardless of the top count of the Indictment” and that the statute only limited the Judge’s sentencing discretion by establishing guidelines and conditions for its exercise.
On appeal a sharply divided Appellate Division affirmed (87 AD2d 529). Two Judges held that the constitutional issue need not be reached because they concluded that if the sentencing scheme of the statute were unconstitutional and they exercised sentencing discretion unfettered by the guidelines and conditions of the statute they would find the indeterminate three-year term appropriate. A third Judge, concurring for affirmance, reached the constitutional issue and concluded that subdivision 5 represented a rational legislative attempt to encourage bargained for pleas of guilty to lesser offenses while discouraging overly lenient sentences for persons charged in an indictment with an armed felony. The two dissenting Judges held the subdivision unconstitutional “because it requires that a defendant be subjected to enhanced punishment on the basis of an unproven charge, without requiring the People to make any additional showing, thus impermissibly placing upon the defendant the burden of extricating himself from the enhanced sentence” (87 AD2d, at p 540). The matter is before us by leave of one of the dissenting Judges at the Appellate Division (56 NY2d 656). We conclude that the *161 due process issue[2] must be met and that the statute is constitutional.
II
It is hornbook law that a court will not pass upon a constitutional question if the case can be disposed of in any other way (Matter of Peters v New York City Housing Auth., 307 NY 519, 527-528; McKinney’s Cons Laws of NY, Book 1, Statutes, § 150; 20 NY Jur 2d, Constitutional Law, § 47). Thus, had the Appellate Division been able to find in the record evidence of mitigating circumstances of the type provided for in the statute, it could have and should have avoided deciding the due process issue.
Here, however, the plurality for affirmance at the Appellate Division while seeking to avoid the constitutional question did not in fact do so. Rather it ignored the facts that sentencing is a function of the Trial Judge (see CPL 380.20; People v Green, 75 AD2d 502; People v Gomez, 103 Misc 2d 352) and that subdivision 5 of section 70.02 of the Penal Law restricts the discretion in relation to plea negotiation exercised by a Trial Judge, and sustained the sentence imposed as a proper exercise of the discretion vested in the Judges of the Appellate Division. In doing so it has avoided the effect of holding the statute unconstitutional (i.e., reversal) but assumed that the Trial Judge would not, had he been free to weigh all the factors that bear on sentencing, have imposed a lesser sentence, or that if he had, the Appellate Division would have been free to increase, and would have increased, the sentence to that which it was upholding by the exercise of independent discretion. Those assumptions are, however, unfounded (as to sentencing at the appellate level, see Gardner v Florida, 430 US 349, 354, n 5; and People v Green, supra; as to the impropriety of an increased sentence, see CPL 450.30, subd 2). Consequently, the constitutional issue cannot be avoided.
III
Enacted at an extraordinary session of the Legislature as a “key” part of a program intended to combat violent *162 crime, section 70.02 of the Penal Law was intended to establish greater responsibility for an armed violent felony through stiffer sentencing provisions and restrictions upon plea bargaining (see Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 70.02,1982-1983 Cum Ann Pocket Part, pp 132-133; Book 11A, CPL 100.15, p 25). The Legislature did not choose to abolish plea bargaining as it could have (People v Esajerre, 35 NY2d 463, 467; see Santobello v New York, 404 US 257, 262). Rather it opted to limit the broad discretion previously exercised in the determination of the crime to be pleaded to and the sentence to be imposed. This it did by (1) proscribing acceptance of a plea to less than a class D violent felony offense from a defendant indicted for a class B or C violent felony offense[3] (CPL 220.10, subd 5, par [d]), and (2) requiring imposition of an indeterminate sentence on the bargained class D violent felony offense, absent specified ameliorating factors (Penal Law, § 70.02, subd 5), when a defendant has been indicted for an “armed felony” as defined in CPL 1.20 (subd 41) (a violent felony offense aggravated by use of a loaded and functional firearm or display of what appears to be a firearm of a specified type). It is the latter provision which defendant argues violates his right to due process by (1) prescribing the sentence to be imposed upon the basis of an unproved and unadmitted fact and (2) shifting to him the burden of establishing the right to a lesser sentence. We disagree.
A
Defendant’s claim that the statute improperly subjects him to enhanced punishment on the basis of the unproven charge that he was “armed” within the meaning of the “armed felony” definition is largely predicated on People v Drummond (40 NY2d 990, supra) and People v Griffin (7 NY2d 511). There are, of course, differences in the sentencing discretion available when a defendant has pleaded guilty to a class D violent felony under an indictment charging an armed felony and what would be available had there been no armed felony charge in the indictment under *163 which he pleaded; not only is there a minimum prescribed sentence but also the mitigating circumstances that may be considered relate only to the manner in which the crime was committed and do not include circumstances relating to defendant’s past history and family situation, circumstances which may be considered by a Judge sentencing a defendant who pleaded under an indictment not charging an armed felony. Neither Drummond nor Griffin goes so far, however, as to hold, as defendant argues, that reliance to any extent on the indictment (as distinct from the facts admitted during the plea colloquy) to determine the minimum permissible sentence violates due process.
The infirmity of the statute Involved in Drummond (CPL 720.10 ff) which conditioned youthful offender treatment on the highest count of the indictment but contained no ameliorative provision was, as the memorandum establishes, that its “limitations make the privileged penal sanction to be imposed depend solely upon an accusation, however formal, rather than an adjudication, however informal, in the adversarial criminal process” (40 NY2d, at p 992; emphasis supplied). Here there is no such automatic prescription, for the subdivision in question vests the sentencing Judge with discretion to impose a lesser sentence when one of its ameliorative factors is found to be present and defendant was made aware prior to the acceptance of his plea in satisfaction of the indictment of both the minimum prescribed sentence that would result and the possibility of a lesser sentence if the court found one of the ameliorative factors to exist. Adjudication, though with something less than trial formality, thus has an important role; sentence does not depend solely on accusation.
People v Griffin (7 NY2d 511, supra) is no more helpful to defendant, for the statute there involved (Penal Law of 1909, § 1944) made no provision for the postplea presentence inquiry concerning whether Griffin was armed, which the sentencing Judge took it upon himself to conduct as a basis for imposing a sentence heavier than could have been imposed for the unarmed crime to which Griffin had pleaded. Here, as already noted, defendant was advised prior to acceptance of his plea of the effect of the indictment’s “armed felony” allegation and the subdivision con *164 tains detailed provisions concerning the hearing available as a possible means of defendant’s obtaining a sentence less than that otherwise prescribed by its provisions.
Although an indictment may not be given preclusive effect as to an unadmitted charge (see People c Elliby, 80 AD2d 875), it “can give rise to ancillary consequences beyond the formal notification and delineation of the charges” (People v Brian R., 78 Misc 2d 616, 618, affd 47 AD2d 599). Thus, the offenses charged in dismissed counts of an indictment may be considered by the sentencing Judge even over defendant’s objection (Billiteri v United States Bd. of Parole, 541 F2d 938, 944; see United States v Needles, 472 F2d 652; Schulhofer, Due Process of Sentencing, 128 U of Pa L Rev 733, 763; Ann., 96 ALR2d 768, 787).
Considered in relation to the broad power of the Legislature with respect to sentencing, the purpose sought to be accomplished by the subdivision in question and the fact that it does not give preclusive effect to the indictment’s allegation that defendant was armed, we conclude that the subdivision’s prescription of the minimum sentence to be imposed absent a finding of an ameliorating factor does not violate the due process clause of either the Federal or the State Constitution (see People v Caver, 74 AD2d 852)..
B
No more violative of due process are the procedural provisions of paragraph (c) with respect to the hearing to be held. Defendant was accorded no hearing because the mitigating circumstances set forth in the memorandum submitted on his behalf concerned his prior history rather than the manner in which the crime was committed. He argues, nevertheless, that paragraph (c) improperly places upon him the burden of proving one or more of the ameliorating factors referred to in paragraph (b).[4] Although the *165 paragraph speaks only of “an opportunity to present relevant information to assist the court in making, a determination pursuant to paragraph (b)” and accords that opportunity to both the defendant and the District Attorney, its practical effect is to impose upon a defendant who seeks a determinate sentence an obligation to present evidence he would not otherwise be required to present. In doing so it does not, however, impinge upon due process.
Due process protections apply to sentencing as well as to the trial itself (Gardner v Florida, 430 US 349, 358, supra), but the “due process clause should not be treated as a device for freezing the evidential procedure of sentencing in the mold of trial procedure” (Williams v New York, 337 US 241, 251, reh den 337 US 961, 338 US 841) and does not “implicate the entire panoply of criminal trial procedural rights” (Gardner v Florida, 430 US, at p 358, n 9).[5] Defendant points to Specht v Patterson (386 US 605), however, and argues that here, as in Specht, the existence of one of the ameliorating factors requires the making of new factual findings on an issue distinct from that encompassed by the guilt determination. We think Specht readily distinguishable.
Specht involved a defendant convicted under a Colorado indecent liberties statute under which the maximum sentence that could be imposed was 10 years. The trial court, without holding a hearing, used that conviction as a basis for sentencing Specht under the Sex Offenders Act, a separate statute, the maximum under that act being life imprisonment. The Supreme Court held that due process required that defendant have the right to be present with *166 counsel, to confront and cross-examine witnesses and to present evidence on his own behalf before the court could, on the basis of a new factual finding on the “distinct” issue which the Sex Offenders Act involved, impose a sentence heavier than that permitted for the crime of which he stood convicted (386 US, at p 610; see Schulhofer, op. cit., p 762), a holding essentially similar to that of this court in People v Griffin (7 NY2d 511, supra).
Subdivision 5 of section 70.02 of the Penal Law involves no new criminal charge, no separate statute, no new finding of fact on a distinct issue as the basis for increased punishment. What it does rather is require as part of one statutory scheme that a defendant indicted for an armed felony but permitted to plead to a lesser offense be sentenced to an indeterminate term, while permitting imposition of a lesser sentence if after a hearing the sentencing Judge finds the existence of one of the ameliorating factors it specifies. By pleading to the class D violent felony with the knowledge that because the indictment charges an armed felony the sentence on the class D felony will be indeterminate, the defendant in effect admits, for the purpose of sentence and subject to his right to a lesser sentence if the existence of one of the ameliorating factors be found by the court, that he was armed as charged in the indictment. He is, moreover, accorded the right to deny or explain which due process requires (Gardner v Florida, 430 US, atpp 356,362; see People v Daniels, 58 AD2d 585, 586). Furthermore, the new facts found in the postplea presentence hearing can only reduce, not enhance,[6] the punishment imposed. Thus, Specht does not require invalidation of subdivision 5 of section 70.02 of the Penal Law on Federal due process grounds and we perceive no reason for applying the due process clause of the New York Constitution differently.
Finally, we note that due process is not offended by the probability that in most, though not necessarily in all, *167 cases establishment of an ameliorative factor will require that defendant come forward with proof. In People v Laietta (30 NY2d 68, 75, cert den 407 US 923) we noted, in upholding a statute (Penal Law, § 25.00, subd 2) imposing upon defendant the burden of establishing the defense of entrapment, that “presumptions, burdens of going forward, and burdens of persuasion in criminal cases may be placed on defendants” provided the State has “first proved enough of its case” and that there “be justifying reason to shift the burden either because knowledge of the facts is peculiar to the defendant or the onus is based on probabilities of wrongdoing.” Here the People’s case has been sufficiently made by defendant’s plea entered under this statute for by so doing he impliedly concedes being armed, as part of his plea bargain and subject to his right to present “relevant information” concerning “possible deficiencies in proof of [his] commission of an armed felony” or other specified circumstances bearing on commission of the crime to which he has pleaded (Penal Law, § 70.02, subd 5, pars [b], [c]). In many cases, moreover, knowledge of the facts necessary to establish a basis for a lesser sentence will be peculiar to defendant, and in every case, by the Grand Jury’s return of an armed felony indictment which must be based upon reasonable cause (CPL 190.65), the probability of wrongdoing is sufficiently present to justify such burden shifting as the subdivision involves.[7]
For the foregoing reasons, the order of the Appellate Division should be affirmed.

. The subdivision provides:
“(a) Except as provided in paragraph (b) of this section, where a plea of guilty to a class D violent felony offense is entered pursuant to section 220.10 or 220.30 of the criminal procedure law in satisfaction of an indictment charging the defendant with an armed felony, as defined in subdivision forty-one of section 1.20 of the criminal procedure law, the court must impose an indeterminate sentence of imprisonment pursuant to section 70.00.
“(b) In any case in which the provisions of paragraph (a) hereof or the provisions of subparagraph (ii) of paragraph (c) of subdivision two of this section apply, the court may impose a sentence other than an indeterminate sentence of imprisonment, or a definite sentence of imprisonment for a period of no less than one year, if it finds that one or more of the following factors exist: (i) mitigating circumstances that bear directly upon the manner in which the crimé was committed; or (ii) where the defendant was not the sole participant in the crime, the defendant’s participation was relatively minor although not so minor as to constitute a defense to the prosecution; or (iii) possible deficiencies in proof of the defendant’s commission of an armed felony.
“(c) The defendant and the district attorney shall have an opportunity to present relevant information to assist the court in making a determination pursuant to paragraph (b) hereof, and the court may, in its discretion, conduct a hearing with respect to any issue bearing upon such determination. If the court determines that an indeterminate sentence of imprisonment should not be imposed pursuant to the provisions of such *160 paragraph (b), it shall make a statement on the record of the facts and circumstances upon which such determination is based. A transcript of the court’s statement, which shall set forth the recommendation of the district attorney, shall be forwarded to the state division of criminal justice services along with a copy of the accusatory instrument.”

. Defendant’s reply brief in this court makes clear that his “challenge is not based on equal protection.”

. The constitutionality of that provision is not before us, but has been upheld by the Appellate Division, Second Department, in People v Elliby (80 AD2d 875, mot for lv to app den 53 NY2d 942).

. The People, relying on People v Thomas (50 NY2d 467) and People v Patterson (39 NY2d 288, affd sub nom. Patterson v New York, 432 US 197), suggest that defendant’s burden of proof argument, not having been presented to the trial court, was not preserved. Although defendant’s memorandum to the trial court was not as explicit as is his present burden of proof argument, his trial court attack was upon the entire subdivision and its use of an unproven fact. Unlike Thomas and Patterson, which *165 involved a burden shifting charge to which specific exception was required, the argument here made to the trial court sufficiently suggested that the burden was on the People to prove that defendant was armed, rather than on defendant to prove that he was not, before he could be deprived of the broader sentencing discretion otherwise available.

. The Gardner opinion expressly adhered to the prior Williams holding (430 US, at p 356) but was joined in only by Justices Stevens, Stewart and Powell. The Chief Justice and Justices Brennan, White and Blackmun concurred in the judgment, Justice Brennan only in part because he viewed the death penalty as unconstitutional. Justice Marshall and Justice Rehnquist, dissenting, considered only the latter point and not the due process issue. The language above quoted from Williams and Gardner appears, therefore, still to be the view of a majority of the court (see United States v Grayson, 438 US 41).

. Compare United States v Stewart (531 F2d 326, 332, cert den 426 US 922; see Ann., 41 ALR Fed 576) holding that the Federal dangerous special offender statute (US Code, tit 18, § 3575), which permits imposition of an increased sentence after a finding on the basis of a preponderance of the evidence, that defendant is such an offender, does not involve a new criminal charge.

. That the Legislature has imposed upon the People the burden of proving beyond a reasonable doubt the commission of prior crimes under statutes requiring enhanced punishment for recidivists (CPL 400.15, subd 7, par [a]; 400.20, subd 5; 400.21, subd 7, par [a]) does not mandate establishment of like procedure under subdivision 5 of section 70.02 of the Penal Law.