Kaye, J.
(concurring). While concurring in the result reached, I write to express disagreement with the statement added by the majority that a District Attorney is free to seek indictment for the highest crime the evidence will support, and need never present defenses in mitigation, however conclusive or pervasive the evidence in support of such defenses might be.
By holding that a defense must be submitted to the Grand Jury only if its acceptance would result in exoneration, the majority ascribes an unduly narrow function to *40 the Grand Jury. To be sure, the Grand Jury performs a vital function in determining whether any prosecution should be initiated. But it is relied upon as well to decide which crime should be charged, and the degree of crime charged may have important ancillary consequences. For example, the degree of crime charged impacts plea bargaining (CPL 220.10); whether a defendant is charged with a felony or a misdemeanor can determine other rights (see, e.g., CPL 30.30); and the effect of the crime charged upon a petit jury or sentencing Judge can hardly be ignored. (People v Felix, 58 NY2d 156, 164.) Since reliance is placed not only on the fact of an indictment but also on which offense is charged, the prosecutor should have some obligation to instruct that body on mitigating defenses raised by the evidence, certainly where the evidence supporting such defenses is clear and pervasive. (Cf. People v Rosenbaum, 107 Misc 2d 501; People v Galuppo, 98 Misc 2d 395; People v Karassik, 90 Misc 2d 839.) Such an obligation is particularly necessary in light of the trial court’s inability to dismiss or amend an indictment where the evidence is legally insufficient to establish the offense charged but sufficient to support any lesser included offense (CPL 210.30; Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 200.70, p 523).
The majority’s sweeping statement is not supported by People v Calbud, Inc. (49 NY2d 389), the only case cited in the opinion. Calbud did not even address the subject of mitigating defenses. In that case, the prosecutor sought an indictment for second degree obscenity and charged the Grand Jury by reciting the statutory definition of obscenity. Noting the lesser degree of precision necessary when charging a Grand Jury, the court held that the indictment need not be dismissed simply because the prosecutor failed to instruct the Grand Jury to judge the material using State-wide contemporary community standards. In acknowledging that one of the primary functions of the Grand Jury is to “determine whether sufficient evidence exists to accuse a citizen of a crime and subject him or her to criminal prosecution”, the court did not — as the majority does today — ignore the importance of the Grand Jury’s decision as to which crime to charge. Indeed, in citing CPL *41 190.65 (subd 1), the court recognized that the Grand Jury may indict for an offense when the evidence “provides reasonable cause to believe that such person committed such offense” (emphasis supplied).
A charge on extreme emotional disturbance not, in any event, warranted in the present case. Though both courts below found error in the prosecutor’s Grand Jury presentation (the Appellate Division terming the issue “close”), whether the evidence was sufficient to warrant instruction as to the extreme emotional disturbance defense is a question reviewable in this court. As noted, Grand Jury charges are scrutinized with less vigor than petit jury charges (People v Calbud, Inc., 49 NY2d 389, supra), and the evidence in my view did not so clearly support the extreme emotional disturbance defense as to require its submission. Moreover, it is significant that defense counsel, who was actively involved in presenting evidence and requesting detailed charges, did not specifically seek the extreme emotional disturbance defense. The prosecutor refused counsel’s request to charge manslaughter in the first and second degrees because more than two shots were fired. The prosecutor apparently understood the defense to be requesting a first degree manslaughter charge on the basis of subdivision 1 of section 125.20 of the Penal Law (causing death with intent to cause serious physical injury), since the number of shots fired would be more relevant to that theory than to the extreme emotional disturbance defense. While defense counsel in this situation cannot be held to the same requirement of precision in making requests as exists in the trial context, the courts should not ignore the absence of an actual request for such instruction by a defense attorney actively involved in the Grand Jury presentation. This is especially so where the facts indicate that defense counsel may well have made a tactical choice in omitting the request, believing that the Grand Jury would be more likely to accept the justification defense if not provided with the opportunity to conclude that respondent had fired the gun under extreme emotional disturbance.