■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS G. LANINGER, Appellant. — Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered March 19, 1984, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

On February 14, 1984, defendant entered a plea of guilty to burglary in the second degree, as charged in the first count of the indictment. This plea was accepted by the court in full satisfaction of all other charges contained in the indictment, which were three other counts of burglary in the second degree, four counts of burglary in the third degree, one count of grand larceny in the second degree, and three counts of grand larceny in the third degree.

On March 19, 1984, defendant was sentenced to an indeterminate prison term of not less than two nor more than six years. On this appeal, defendant urges the unconstitutionality of section 70.02 of the Penal Law, under which he was sentenced. Pursuant to paragraph (b) of subdivision 1 of that section, burglary in the second degree is classified as a class C violent felony offense. Accordingly, the statute requires that an indeterminate sentence be imposed (Penal Law, § 70.02, subd 2, par [a]), with a maximum of at least 4½ years but not more than 15 years (Penal Law, § 70.02, subd 3, par [b]) and a minimum of one third of the maximum term imposed, which must be specified in the sentence (Penal Law, § 70.02, subd 4).

Defendant's claim of unconstitutionality has already been considered and the challenged statute held constitutional (*People v Caver,* 74 AD2d 852; see, also, *People v Felix,* 58 NY2d 156, app dsmd __ US __, 104 S Ct 47). The sentence of defendant being within the permissible statutory limits and not having been shown to be an abuse of discretion in these circumstances, the judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.