Chief Judge Wachtler
(dissenting). Statutes sealing the records of juvenile proceedings from public scrutiny when the charges have been dismissed on procedural grounds should not be interpreted to deny the court itself access to the records when called upon to determine the appropriate degree of *670 supervision for a juvenile offender. When the Legislature imposed on the courts the obligation to make an intelligent and fully informed determination based on the juvenile’s background and "previous conduct” (Family Ct Act § 351.1), it could not have intended the court to ignore what its own records show regarding the juvenile’s prior involvements with the law, which is a legitimate and traditional basis of inquiry at the dispositional phase. Thus when the court in this case ordered the Probation Department to investigate and report on the juvenile’s background, it was appropriate for the Department to reveal the existence and contents of the sealed proceedings in which the charges had been dismissed on procedural grounds without ever being factually resolved. Accordingly the petition, seeking to have these references deleted, should have been dismissed.
As the majority notes, the issue in this case does not involve constitutional rights or principles, it only involves statutory interpretation. At the "sentencing” phase, courts have traditionally taken into account the defendant’s prior criminal or bad acts, including those which never led to a conviction (People v Felix, 58 NY2d 156; United States v Sweig, 454 F2d 181; United States v Cardi, 519 F2d 309). Even in death penalty cases, there is no constitutional impediment to considering such factors provided the defendant is informed of the acts alleged and is afforded an opportunity to dispute or explain them (Gardner v Florida, 430 US 349; People v Felix, supra).
The rule is no different in juvenile proceedings. The Legislature has provided that before the court makes a final disposition it should review the probation report showing the juvenile’s history and "previous conduct” (Family Ct Act § 351.1) and has authorized the court in the broadest terms to consider all "material and relevant” evidence, even if it is incompetent or was unconstitutionally obtained (Family Ct Act § 350.3; see also, Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 350.3, at 502). In fact, in juvenile proceedings there is an even greater need for the court to be fully informed about the juvenile offender’s prior actions in relation to the law.
In juvenile cases the "State has chosen to direct its efforts toward seeking and averting the cause of juvenile delinquency, on the premise that erring children, still in the formative years of their lives, will respond to remedial and *671 corrective efforts” (People v Oliver, 1 NY2d 152, 161). The majority notes that in seeking this goal the State may not be so paternalistic as to deprive "youngsters of rights they would otherwise enjoy” (majority opn, at 669). It is true, of course, that the State may not deprive an accused juvenile of fundamental constitutional rights afforded to adults accused of criminal acts (In re Gault, 387 US 1). But the State is not obligated to provide identical statutory rights in juvenile and adult proceedings. The fact is that juvenile proceedings and adult criminal proceedings are governed by different statutes and the primary reason for the different statutory schemes is to provide a greater opportunity for rehabilitation in juvenile cases. It is not constitutionally objectionable or inconsistent with the progressive rehabilitation goals of juvenile proceedings to permit or require the court to take a closer look at a juvenile offender’s background and prior involvements with the law before determining the appropriate degree of supervision. Indeed, this has been the modern trend.
There is nothing to indicate that the Legislature intended to reverse this trend when it adopted statutes sealing records of dismissed charges (CPL 160.50) and extended the benefits to those involved in juvenile proceedings (Family Ct Act § 375.1). These statutes generally prohibit public scrutiny of records in cases where the accused was found not guilty or the charges were dismissed on a number of procedural grounds. However, they do not provide immunity or prohibit a sentencing court from taking into account prior criminal conduct when charges were filed but later dismissed on procedural grounds. The majority recognizes that this is so when the court learns of the incidents from sources other than court records. It concludes, however, that the sealing statutes are so broadly worded as to prevent the court from consulting its own records to determine the existence of such incidents. Concededly, the statutes broadly provide that sealed records are not to be made available to "any person or public or private agency” (Family Ct Act § 375.1 [1]; CPL 160.50 [1] [c]) with a number of exceptions, none of which grant the Probation Department access to sealed records in connection with its sentencing role, although such amendments have been proposed to the Legislature with respect to juvenile proceedings (see, Governor’s Proposed Juvenile Justice Reform Act of 1986). However, it does not necessarily follow from this, as the majority concludes, that the Legislature must have intended to deny the Family Court access to its own sealed records *672 when determining the appropriate supervision for a juvenile offender.
Although express legislative authority is required to permit the Probation Department, on its own initiative, to review sealed court records to determine, for instance, whether a person on probation has violated probation (CPL 160.50 [1] [d] [vi]), there is no need for such express authority or exception when the court reviews its own records, or directs the Probation Department to report on them, before imposing sentence or determining the appropriate disposition in juvenile cases.
The courts have inherent power over their records to seal them and to review them and in extraordinary cases to expunge them (Matter of Hynes v Karassik, 47 NY2d 659, 664; Matter of Dondi, 63 NY2d 331, 338-339; Matter of Dorothy D., 49 NY2d 212; Matter of Henry v Looney, 65 Misc 759, 762-763). Indeed, one of the purposes of the sealing statutes is to extend the court’s power to records in possession of other agencies which reflect the content of sealed court records (Matter of Dorothy D., supra, at 215; Matter of Wade v Department of Mental Hygiene, 49 NY2d 947; cf., Matter of Todd H., 49 NY2d 1022). But the sealing statutes have never been held to impair the power of the courts to review their own records in order to perform a peculiarly judicial act (Matter of Dondi, supra, at 338-339; Matter of Hynes v Karassik, supra, at 664-665). Thus statutes generally providing that sealed records should not be disclosed to "any person or public or private agency” (Family Ct Act § 375.1 [1]; CPL 160.50 [1] [c]) should not be interpreted to prohibit the court itself from reviewing its own records, or appointing the Probation Department to report on what they reflect, when the court is called upon to determine the appropriate degree of supervision for a juvenile offender. In fact, the only restriction the Legislature has imposed on the use of such sealed records at sentencing is found in section 381.2 of the Family Court Act, which simply prevents an "adult” court from reviewing the sealed records of dismissed juvenile proceedings when sentencing an adult.
In juvenile cases especially, the court should not be required to turn a blind eye to what its own records would reveal concerning the juvenile’s prior involvements with the law. In the case now before us, much of the petitioner’s prior court history was made available, in fragmented and perhaps distorted form, by the petitioner himself. Except for that circumstance all the court would know from the unsealed records is *673 that the petitioner is a one-time offender who committed truancy violations while on parole. In such a case it is unrealistic and potentially dangerous to expect the court to make an appropriate disposition without consulting its own sealed records, when those records would show that in little more than a year after he turned 14, the petitioner was arrested on four other occasions on charges never factually resolved because of procedural dismissals, and that the last two arrests for robbery-related charges occurred while on probation — indicating at least a basis for additional inquiry into the juvenile’s activities and perhaps greater supervision of a youth who might truly need it.
Judges Kaye, Alexander and Titone concur with Judge Bellacosa; Chief Judge Wachtler dissents and votes to reverse in a separate opinion in which Judges Simons and Hancock, Jr., concur.
Order affirmed, with costs.