■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HOWARD WASHINGTON, Respondent.—Judgment of the Supreme Court, Bronx County (Arlene Silverman, J.), rendered on September 25, 1990, convicting defendant, after a plea of guilty, of criminal possession of a weapon in the third degree in violation of Penal Law § 265.02 (4) and sentencing him to five years' probation, unanimously affirmed.

This is an appeal by the People who contend that the sentence imposed for gun possession was invalid as a matter of law because there were no mitigating circumstances which would have rendered a prison sentence unduly harsh. (Penal Law § 70.02 [2].) Defendant pleaded guilty to charges contained in two separate indictments. In one case he pleaded guilty to possession of a gun and drugs. The allegation was that he possessed 56 vials of cocaine at the time of his arrest. In the other indictment, defendant pleaded guilty to the possession of 17 vials of cocaine. He was sentenced to concurrent terms of five years' probation on all of those charges.

Penal Law § 70.02 (2) (c) (i) provides that a person convicted of criminal possession of a weapon in the third degree must receive a prison sentence unless he has not been convicted of a Class A misdemeanor in the previous five years and "having regard to the nature and circumstances of the crime and to the history and character of the defendant, [the court] is of the opinion that such sentence would be unduly harsh".

Absent any error of law, the People have no right to appeal and this court may not interfere with the trial court's decision to impose a probationary sentence. (CPL 450.30 [2]; *People v Williams,* 164 AD2d 1, 7-8 [1990].) Although we believe that having regard to the particular circumstances of this gun possession case, there were no mitigating circumstances and the sentence was inappropriate and an abuse of discretion, it was not invalid as a matter of law. Concur—Milonas, J. P., Rosenberger, Ellerin, Kassal and Smith, JJ.