■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PASQUAL PETERS, Respondent. [595 NYS2d 48] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered November 14, 1991, sentencing defendant to 5 years' probation, upon his conviction of criminal possession of a weapon in the third degree, unanimously affirmed.

The People's argument that the sentence is invalid as a matter of law because the sentencing court made no finding of mitigating factors and undue harshness, as required by Penal Law § 70.02 (2) (c) (i), in imposing a sentence of probation, is unpreserved for appellate review, and we decline to reach it *(cf., People v Proctor,* 79 NY2d 992; *People v Callahan,* 80 NY2d 273, 281). If we were to reach the issue in the interest of justice, we would find that the sentencing court gave sufficient regard to all relevant information concerning the nature of the crime and the character of defendant, in particular, the presentence report and the letters the court received from the assistance program in which defendant participated. Further, the court's postponement of sentencing, its repeated inquiries at sentencing as to whether defendant could maintain probation without violation, and its comment that defendant had successfully complied with the assistance program evidenced awareness of defendant's circumstances. There being no error of law, this Court has no authority to interfere with the sentencing court's discretion in imposing a probationary sentence (CPL 450.30 [2]; *People v Washington,* 175 AD2d 732, *lv denied* 78 NY2d 1082).

We have considered the People's other claims and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Ross, Asch and Kassal, JJ.