■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v REYNALDO ALEJANDRO, Respondent. [600 NYS2d 635] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered March 5, 1992, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him to 5 years' probation, continued drug rehabilitation, and completion of any after-care program, unanimously affirmed.

Our holdings are legion that absent an error of law, an intermediate appellate court is powerless to disturb a probationary sentence imposed by a sentencing court pursuant to Penal Law § 70.02 (2) (c) (i) (CPL 450.30 [2]; *People v Peters,* 191 AD2d 329; *People v Washington,* 175 AD2d 732, *lv denied* 78 NY2d 1082; *People v Matthews,* 176 AD2d 627, *lv denied* 79 NY2d 829; *People v Williams,* 164 AD2d 1, 7-8, *mod on other grounds* 79 NY2d 281). Notwithstanding the People's arguments to the contrary, no error of law was committed here where the record demonstrates that the sentencing court gave appropriate consideration to the nature and circumstances of defendant's crime as well as defendant's character and history in finding that a prison sentence would be unduly harsh. Concur—Milonas, J. P., Ellerin, Asch and Kassal, JJ.

Ross, J., concurs in a memorandum as follows: I concur in result only. Although I disagree with the sentence imposed by the Trial Justice, I do not find it to be an abuse of discretion.