■ In the Matter of FRED F. FINN, as Director of O. D. Heck Developmental Center, Petitioner, v LEONARD C., Respondent. DENNIS C. VACCO, as Attorney-General of the State of New York, Appellant. [634 NYS2d 262] —White, J. Appeal from that part of a judgment of the Supreme Court (Kahn, J.), entered March 30, 1995 in Albany County, which, in a proceeding pursuant to Public Health Law § 2973, declared Public Health Law § 2965 (3) (c) (iv) to be unconstitutional.

At the time this proceeding was commenced, respondent was a 67-year-old profoundly mentally retarded individual, residing in Valatie North Community Residence in the Village of Valatie, Columbia County, an entity within petitioner's area of supervision. Even though he was not suffering from any life-

threatening illness, respondent's sister, his legal guardian appointed under SCPA article 17-A, asked respondent's personal physician to issue a "do not resuscitate" (hereinafter DNR) order as she was concerned about respondent's quality of life if he suffered a cardiac arrest and was resuscitated. The order was issued on July 14, 1994 on the ground that resuscitation would be medically futile pursuant to Public Health Law § 2965 (3) (c) (iii).

On July 18, 1994 respondent was examined by petitioner's chief medical officer and her associate who concluded that a DNR order was not warranted. Petitioner then commenced this proceeding to remove and rescind the DNR order. Following an evidentiary hearing, during which the question of whether resuscitation would impose an extraordinary burden on the patient was raised (Public Health Law § 2965 [3] [c] [iv]), Supreme Court granted the petition and further declared that Public Health Law § 2965 (3) (c) (iv) is unconstitutionally vague. The Attorney-General, in his statutory standing and capacity pursuant to Executive Law § 71, concurs that Supreme Court's removal of the DNR order was proper but appeals from the declaration that Public Health Law § 2965 (3) (c) (iv) is unconstitutional.

Initially, we note that this proceeding appears to have been premature in that the parties did not submit their disagreement to the dispute mediation system (see, Public Health Law §§ 2972, 2973 [3]). Furthermore, Supreme Court should not have reached the constitutional issue since there were alternative grounds upon which to dispose of this proceeding (see, People v Felix, 58 NY2d 156, 161, appeal dismissed 464 US 802). Accordingly, we shall modify Supreme Court's judgment by vacating its declaration that Public Health Law § 2965 (3) (c) (iv) is unconstitutionally vague.

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by vacating the second decretal paragraph thereof, and, as so modified, affirmed.