human life (*see, People v Register,* 60 NY2d 270; *People v Smith,* 255 AD2d 404).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIUS SMITH, Appellant. [722 NYS2d 395] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (LaTorella, J.), rendered February 23, 1998, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sentence was neither harsh nor excessive (*see, People v Felix,* 58 NY2d 156; *People v Suitte,* 90 AD2d 80). Altman, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL THOMAS, Appellant. [722 NYS2d 393] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Klein, J.), rendered March 8, 1999, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

To the extent that the argument was preserved for appellate review, the Supreme Court did not err in denying the defendant's *Batson* claim as to two of the People's peremptory challenges (*see, Batson v Kentucky,* 476 US 79; *Purkett v Elem,* 514 US 765; *Hernandez v New York,* 500 US 352, 364-365; *People v Payne,* 88 NY2d 172).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Ritter, Goldstein and Smith, JJ., concur.