Matter of Amanda N. (Ping N.) (2019 NY Slip Op 09104)





Matter of Amanda N. (Ping N.)


2019 NY Slip Op 09104


Decided on December 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2019

Friedman, J.P., Webber, Gesmer, Kern, JJ.


10618

[*1] In re Amanda N., A Dependent Child Under the Age of Eighteen Years, etc., Ping N. (Anonymous), Respondent-Appellant, Catholic Guardian Services, Petitioner-Respondent.


NYU School of Law Family Defense Clinic/Washington Square Legal Services, New York (Amy Mulzer of counsel), for appellant.
Magovern & Sclafani, Mineola (Mary Jane Sclafani of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the child.



Order of disposition, Family Court, New York County (Emily Olshansky, J.), entered on or about July 30, 2018, which upon a fact-finding determination that respondent father's consent was not required for the subject child's adoption, terminated the father's parental rights to the child and committed custody and guardianship of the child to petitioner agency and the Administration for Children's Services for the purpose of adoption, unanimously reversed, on the law, without costs, and the matter remanded for further proceedings consistent herewith.
The record demonstrates that the father's consent to the adoption of the child was required (see Domestic Relations Law § 111[1][d]). The court erred in limiting the evidence solely to the time that the child was in foster care. The fact that the child resided with the father and was financially supported by him from her birth until her removal from the home at the age of five plainly qualified him as a consent father under the statute (see Matter of Sean Michael P., 56 AD3d 783 [2d Dept 2008]; Matter of Smith, 10 Misc 3d 1077[A], 2005 NY Slip Op 52250[U], *6-7 [Family Ct, Bronx County 2005].
In view of the foregoing and because "a court will not pass upon a constitutional question if the case can be disposed of in any other way" (People v Felix, 58 NY2d 156, 161 [1983], appeal dismissed 464 US 802 [1983]), we decline to reach the issue of whether Domestic Relations Law § 111(1)(d) is unconstitutional as applied to the father.
Accordingly, the matter is remanded for fact-finding on the agency's alternative claim alleging permanent neglect.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 19, 2019
CLERK